OPINION
This is an accelerated calendar appeal. Appellant, John R. Banks, appeals the decision of the Trumbull County Court of Common Pleas, Domestic Relations Division, which accepted the recommendations of a magistrate to modify appellant's child support obligations.[1] Appellee, Darla R. Banks, n.k.a. Coupland, filed an answer brief in support of the ordered modification. For the following reasons, we affirm the judgment of the trial court.
Appellant and appellee were granted a decree of divorce in December 1992. Appellee was designated the custodial parent of the parties' three minor children, and appellant was ordered to pay a total of $375 plus poundage per month in child support. The trial court retained jurisdiction on the child support order. Subsequent to the divorce, both parties filed various motions to modify appellant's child support obligations. As a result, appellant's monthly child support payments varied at different times from the amount in the original child support order. At the time the dispute in the instant case arose, appellant was obligated to pay the total sum of $816 plus poundage per month.[2]
On February 27, 1996, appellant moved the court to modify his child support obligations based on a change of circumstances. The matter came for hearing before a magistrate on May 20, 1996. According to appellant in his brief, he sought the modification because he was unable to make child support payments in the total amount of $816 plus poundage per month. The motion was heard by a magistrate who modified but did not eliminate child support. Objections without a transcript were filed to no avail.
According to the limited record before this court, the gist of his claim for relief at the trial court level was that he had been struck by lightning in July 1994. Up until that time he had been a general manager of a car dealership in Warren, Ohio. Shortly thereafter, he was transferred to the position of sales manager of another car dealership. His previous salary as a general manager was $65,000 a year; his new salary as sales manager was $26,464 for the period from January to August 1995. Apparently two doctors' reports were submitted at the magistrate's hearing, and both reports were in agreement that while he could work a forty-hour week, he would be limited in working much more than that.
As to his present employment, appellant's claim was that he is working a forty- hour week with his current wife in a vitamin business and that he is also working as a volunteer part-time youth pastor at his church.
The magistrate entered his decision on May 22, 1996. The magistrate imputed income to appellant in the amount of $3,500 per month or $42,000 per year and ordered him to pay a total of $585 plus poundage per month in child support. The decision referenced appellant's 1995 tax records and indicated that appellant earned $26,464 from January to August 15, 1995. The magistrate's decision further stated:
 "Currently, [appellant] is a parttime [sic] Youth Director at church, and sells vitamins. * * * He is capable of earning $3500/month, or $42000/year. He has no [social security] disability. Her income for 1995 is [sic] $34738[.00]. The parties have 3 children who are minors. ORC guideline support is $735/month, with tax loss of dependency $150/month to him. He works 40 hours per weeks [sic] selling vitamins. Two doctor [sic] reports indicate [his] ability to work far beyond 40 hours is limited. He claims to have a memory loss, yet his ability to recall events from last summer are [sic] remarkable."
The child support worksheet attached to the decision also had a notation of "imputed" underneath appellant's income figure.
Appellant filed a motion to set aside the magistrate's decision on May 28, 1996, but did not request Civ.R. 52 findings of fact within the objection period. The trial court found no fault with the magistrate's decision, ordered that its terms and conditions remain in force, and overruled appellant's objections on May 30, 1996. In that same judgment entry, the trial court ordered appellant to make the magistrate's recommended child support payment. It is from this order that appellant perfected a timely appeal, asserting two assignments of error:[3]
 "[1.] THE TRIAL COURT ABUSED ITS DISCRETION BY IMPUTING APPELLANT'S CURRENT INCOME AT $42,000.00 WITHOUT SPECIFICALLY FINDING THAT APPELLANT WAS UNEMPLOYED OR UNDEREMPLOYED.
 "[2.] THE TRIAL COURT ERRED IN IMPUTING INCOME TO APPELLANT AT THE RATE HE WOULD HAVE EARNED PRIOR TO HIS INJURY IN JULY, 1994."
Initially, we note that appellant failed to file a transcript of the May 20, 1996 hearing when he filed his objections to the magistrate's decision in the trial court. Appellant filed the transcript of that hearing for the first time on appeal before this court. That being the case, we are barred from considering the transcript in our deliberations. State ex rel. Duncan v.Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730. In Duncan, the Supreme Court of Ohio stated:
 "When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record." Id.
Thus, our review is limited to whether the trial court abused its discretion in adopting the magistrate's decision. Additionally, we note that effective July 1, 1995, Civ.R. 53(E) was rewritten in its entirety. Prior to this amendment, section (E)(5) required that "[t]he referee's findings of fact must be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order." The rule now indicates that magistrates are simply to issue a decision; there is no requirement for accompanying findings of fact. See Civ.R. 53(E)(1).
Pursuant to the Staff Notes, "[i]f a party desires that the magistrate's decision embody the detail characteristic of a referee's report, the party may make a request for findings of fact and conclusions of law under Civ.R. 52, either before or after the magistrate's decision is filed [division (E)(2)]."
Therefore, when a party does not make a specific request for the findings of fact and conclusions of law available under Civ.R. 52, there is a waiver of the same. We note that Civ.R. 75 dealing with divorce proceedings was also amended effective July 1, 1996, in order to be harmonious to the 1995 amendments to Civ.R. 53. As amended, Civ.R. 75(C) states that Civ.R. 53 shall apply to all cases or issues directed to be heard by a magistrate. Further, R.C. 3113.215, which deals with the calculation of child support, was last amended in December 1996. Presumptively, the legislature felt there was no disharmony with Civ.R. 53. However, we must note that Civ.R. 53(E)(2) indicates that "[i]f any party makes a request for findings of fact and conclusions of law under Civ.R. 52 or if findings and conclusions are otherwise required by law or by the order of reference, the magistrate's decision shall include findings of fact and conclusions of law. * * *" (Emphasis added.) Section (E)(2) as quoted would indicate that findings of fact would be required when a statute such as R.C. 3113.215 indicates that the court must make an express finding that he was voluntarily unemployed or underemployed.
This being said, we turn to appellant's assignments of error. In his first assignment of error, appellant argues that the trial court failed to follow the statutory mandates of R.C. 3113.215 by imputing income to appellant without first making an express finding that he was voluntarily unemployed or underemployed.
R.C. 3113.215 governs the calculation of a parent's child support obligation, including requests for modification of that obligation. In calculating the amount of the obligation, the trial court is required to take into account the "potential income" of a parent who is unemployed or underemployed. See R.C.3113.215(A)(1)(b) and (B)(1). R.C. 3113.215(A)(5) defines potential income. It reads:
 "`Potential income' means both of the following for a parent that the court * * * determines is voluntarily unemployed or voluntarily underemployed:
 "(a) Imputed income that the court * * * determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides [.]"
The Supreme Court of Ohio had occasion to address the meaning of R.C. 3113.215(A)(5) in the case of Rock v. Cabral (1993),67 Ohio St.3d 108. The Supreme Court held:
 "Whether a parent is `voluntarily underemployed' within the meaning of R.C. 3113.215(A)(5), and the amount of `potential income' to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case. The determination will not be disturbed on appeal absent an abuse of discretion." Id. at syllabus.
In Rock, the referee determined that the parent in that case was "`capable of earning more than her [weaving] business generates'" and recommended that income based on her actual earnings in a prior year be imputed to the parent for purposes of calculating her support obligation. Id. at 109. The trial court in that case adopted the referee's recommendation and elaborated upon the reasons why income should be imputed to the parent. The Supreme Court upheld the trial court's decision, finding no abuse of discretion in the decision to impute income and to set the support payment based on the parent's earnings from a prior year. The Supreme Court held: "* * * [A]n appellate court must be able to ascertain from the trial court's journal entry the amount of potential income imputed, and the trial court's reasons for imputing income to a child support obligor." Id. at 113.
In the instant case, we are able to ascertain clearly from the magistrate's decision which was relied upon by the trial court the amount of potential income imputed to appellant, i.e., $3,500 per month or $42,000 per year. And, while the magistrate's specific reasons for imputing this income were presented in an abbreviated manner, the magistrate did make express findings which supported the imputation of income. Further, the report used the lesser sales manager income and not appellant's previous general manager's income in arriving at the imputed figure.
Specifically, the magistrate's decision indicated that appellant presently worked forty hours per week selling vitaminsin addition to acting as a part-time youth director at his church. The magistrate further noted that although appellant claimed to have a memory loss, his ability to recall events from last summer was remarkable. It was clear that the magistrate determined that appellant was capable of earning income equivalent to that which he earned the year following the claimed lightning strike.[4] Despite appellant's assertion that the lightning strike incapacitated him, he spent almost one year in the position of sales manager after the lightning strike. Thus, there was competent credible evidence that an equivalent amount of income should be imputed to him.
We believe that the totality of these findings is sufficient to indicate that appellant was not employed to his full capacity and was "voluntarily underemployed" within the meaning of R.C.3113.215(A)(5). When the meaning of the entry is apparent, it is not necessary that the trial court use the exact language "appellant is voluntarily underemployed or unemployed." Here the magistrate found no disability recognized by social security; he found that appellant was capable of working forty hours, and was, in fact, working in excess of forty hours; and that his claimed memory loss was very questionable. In light of the foregoing analysis, the magistrate's report was sufficient for the judge to review and rely upon. Thus, we find no abuse of discretion on the facts of this case. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, he argues that the trial court erred in imputing income to appellant in the amount he would have earned prior to the lightning strike in July 1994. However, the record indicates the magistrate used appellant's work and tax record for the year following the accident. There are no facts beyond these, and the failure to submit a transcript to the trial court with the original objections to the magistrate's report is fatal. Appellant's contrary factual assertions cannot now be addressed, and the second assignment of error is without merit.
The assignments of error are not well-taken. The judgment of the trial court is affirmed.
JUDITH A. CHRISTLEY, JUDGE.
FORD, P.J., and NADER, J., concur.
[1] Objections were filed to the report, but no transcript accompanied those objections. Instead, upon appeal to this court, a transcript was filed for the first time.
[2] On February 22, 1995, the trial court entered an agreed judgment entry between the parties concerning appellant's child support obligations. The parties agreed that appellant would pay appellee the immediate lump sum of $1,500 for arrearage on his child support payments and the sum of $427.25 per month for twelve months. The parties provided that this amount of child support would be subject to modification at the end of the twelve months. The agreed judgment entry also provided that appellant would be required to pay the existing order of child support in the amount of $816 per month should he default on his new child support obligation. When he defaulted, the order of $816 per month was reinstated, and the instant motion for modification was filed.
[3] Subsequent to the filing of this appeal, appellant again moved the court for a modification of his child support obligations on September 19, 1996, asserting that he had been hired as a full-time youth pastor at his church and was only earning $25,000 per year in that position. It appears that this motion has yet to be ruled upon by the trial court.
[4] The magistrate indicated that appellant earned $26,464 from January to August 1995. $26,464 of income divided by seven and one-half months and then multiplied by twelve equals approximately $42,000.