[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
Appellant, William R. Cottle, appeals from a judgment of the Portage County Court of Common Pleas, Domestic Relations Division, which adopted the recommendations of a magistrate with respect to issues related to appellant's divorce from appellee, Janice M. Cottle. For the reasons that follow, we affirm the judgment of the trial court in part, reverse in part and remand for further proceedings consistent with this opinion.
The facts pertinent to this appeal are as follows. On September 7, 1959, the parties were married. Three children were born as issue of the marriage. On October 27, 1994, appellant filed a complaint for divorce in the Portage County Court of Common Pleas, Domestic Relations Division. On November 7, 1994, appellee answered appellant's complaint and filed a counterclaim for divorce. At the initiation of the divorce proceedings, all but one of the parties three children had reached the age of majority.
The matter was referred to a magistrate and a hearing was held on June 30, 1995. By judgment entry filed August 22, 1995, on the recommendation of the magistrate, the trial court granted the parties a decree of divorce and awarded custody of the parties' minor child to appellee. The trial court indicated that issues related to child support, spousal support, and the division of property would be decided in a separate decree.
On October 4, 1995, the magistrate issued his decision as to the various issues remaining between the parties. Both parties filed objections to the magistrate's decision citing confusion as to some of the findings and recommendations that were made in the report. On October 25, 1995, without prompting from the trial court, the magistrate filed an amended decision in an attempt to clear up some of the confusion associated with his prior decision. However, both parties renewed their objections to the magistrate's amended decision. No ruling was made on the parties' objections and, on March 15, 1996, the matter was stayed pending resolution of a bankruptcy petition filed by appellant.
On January 21, 1997, following the resolution of the bankruptcy issue, the trial court remanded the matter to the magistrate for additional findings and clarifications. That same day, January 21, 1997, the magistrate issued a new decision. While nearly identical to his prior recommendations, the magistrate's decision resolved issues related to child support and suggested that appellant pay appellee spousal support in the amount of "$800 PER MONTH PLUS POUNDAGE, COMMENCING [JUNE 30, 1995,] FOR A TERM OF ELEVEN YEARS, OR UPON THE DEATH OF EITHER PARTY, THE REMARRIAGE OF [APPELLEE,] OR FURTHER ORDER OF THE COURT, WHICHEVER COMES FIRST." The basis for the magistrate's recommendation of spousal support was as follows:
 "AS AND FOR SPOUSAL SUPPORT PURSUANT TO O.R.C. 3105.18, THE MAGISTRATE FINDS THAT THIS A [sic] 36 YEAR PLUS MARRIAGE, WITH THE [APPELLANT] TESTIFYING THAT HIS EARNINGS WERE $52,374 PER YEAR. HE HAS THE ABILITY TO CONTRIBUTE TO [APPELLEE'S] SUPPORT. [APPELLEE] IS A HIGH SCHOOL GRADUATE AND HAS BEEN UNEMPLOYED OUTSIDE THE HOME SINCE 1960. SHE HAS NO MARKETABLE SKILLS, AND HAS A VISION PROBLEM THAT PREVENTS HER FROM DRIVING AT NIGHT. SHE WORKED CONTINUOUSLY DURING THE MARRIAGE CARING FOR THE CHILDREN, INCLUDING TWO WHICH HAVE REACHED MAJORITY. SHE WAS 55 YEARS OLD AT THE TIME OF THE HEARING. THE COURT FINDS SHE IS UNEMPLOYED AND HAS NO SKILLS BEYOND MINIMUM WAGE LEVEL. SHE NEEDS AT LEAST $1400 PER MONTH TO MEET HER MINIMUM OBLIGATIONS."
The magistrate further found that appellant left the marriage without notice and only after taking the proceeds of a $15,000 loan that the parties had taken out on their home. Appellant also took $16,918.98 from an individual retirement account, contrary to a court order, to spend "DURING A RELATIONSHIP WITH ANOTHER WOMAN."
As to the division of property, the magistrate assigned values to the marital assets and determined that appellee was entitled to receive a "NET SURPLUS OF $22,326.27" of the parties' total assets. The magistrate found that such an unequal property division was "NECESSARY AND PROPER TO PROTECT [APPELLEE] AND PERMIT HER TO LIVE AT THE MINIMUM OF HER PRESENT NEEDS." It is apparent that the magistrate intended to recommend an award to appellee of the parties' single largest marital asset, their home valued at $96,000, while offsetting this amount by assigning to appellee a majority of the debts that the parties had incurred during their marriage. However, the magistrate gave the parties no indication how the parties' assets and debts were to be transferred in order to give appellee marital assets amounting to a "NET SURPLUS OF 22326.27."
On January 23, 1997, the trial court issued a judgment entry adopting the magistrate's decision in toto. Within the time requirements set forth in Civ.R. 53(E)(3)(a), both parties submitted objections to the magistrate's decision. Specific to this appeal, appellant asserted two objections to the magistrate's decision. First, appellant claimed that the magistrate erred in finding that he earned in excess of $52,000 per year for purposes of computing child support and spousal support. Second, appellant generally asserted that the magistrate's unequal division of assets was "unreasonable and without foundation." At no time, during any of the parties' objections to the magistrate's decisions, was the trial court presented with a transcript of the proceedings held before the magistrate.
On July 31, 1997, the trial court formerly overruled the parties' objections. From this judgment, appellant filed a timely notice of appeal and now asserts the following two assignments of error:
 "[1.] The trial court erred and abused its discretion when it granted [appellee] a hugely disproportionate share of the parties' assets.
 "[2.] The trial court erred and abused its discretion when it granted [appellee] spousal support of $800.00 per month for a period of eleven years after fashioning a hugely inequitable distribution of the parties' assets and commenting negatively upon the [appellant's] living conditions."
As previously noted, appellant failed to provide the trial court with a transcript or affidavit from which to demonstrate his objections to the magistrate's decision. Civ.R. 53(E)(3)(b) provides as follows:
 "Objections shall be specific and state with particularity the grounds of objection. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
With respect to Civ.R. 53, this court has repeatedly held that a party cannot challenge on appeal the factual findings contained in a magistrate's report unless that party submits to the trial court the required transcript or affidavit. City ofWillowick v. Gibaldi (Feb. 21, 1997), Lake App. No. 96-L-079, unreported, at 3; Larson v. Larson (Mar. 7, 1997), Portage App. No. 96-P-0217, unreported, at 5. Thus, to the extent that appellant challenges any findings of fact, he is precluded from arguing any factual determinations on appeal, and has waived any claim that the trial court erred in adopting the magistrate's findings. Furthermore, appellant is barred from challenging the trial court's adoption of any conclusion of law unless a proper objection under Civ.R. 53(E)(3)(b) was made.
Within his two assignments of error, appellant raises a number of issues related to the magistrate's findings of facts and recommendations. As to the findings of fact, appellant argues that the trial court abused its discretion in determining that appellant earned approximately $52,000 per year for purposes of calculating spousal support. Appellant further argues, for the first time on appeal, that the trial court erred in adopting several of the magistrate's determinations involving the valuation of the parties' property. Appellant submitted for this court's review a transcript of the proceedings before the magistrate related to these issues. Even if we were to determine that appellant properly objected to all of these factual determinations, which he did not, the Supreme Court of Ohio has held that a court reviewing a trial court's Civ.R. 53 determination may only consider evidence submitted to the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730. Thus, we may not consider a transcript of a hearing before the magistrate submitted with the appellate record that was not submitted to the trial court, and appellant's objections to any findings of fact are waived.
Turning to the lower court's conclusions of law, appellant, for the first time on appeal, asserts that the magistrate failed to consider all of the statutory factors when making his recommendations as to a proper award of spousal support and an equitable distribution of the martial property. Once again, however, appellant failed to make these specific objections to the trial court from the magistrate's decision. Consequently, appellant's arguments are barred pursuant to Civ.R. 53(E)(3)(b).
Notwithstanding the procedural defects in appellant's attempt to raise challenges to the magistrate's decision, we are inclined to reverse and remand this matter to the trial court for further clarification as to its division of property. Aside from the responsibility of considering all objections properly made by the parties, a trial court must correct an error of law or other defect that appears on the face of the magistrate's decision. See Civ.R. 53(E)(4)(a). The 1995 Staff Notes to Civ.R. 53(E)(4) indicate that "an error of law or other defect on the face of the magistrate's decision" is one that amounts to an "apparent error."
As to the trial court's division of property, confusion exists as to how the parties are to effectuate the court's decision. Upon review of the magistrate's decision, which the trial court adopted, we note that the magistrate assigned values to seemingly all of the parties' assets and debts. However, the magistrate's calculation as to the final value of these assets and debt, and how appellee was to obtain marital assets equating to a "NET SURPLUS OF 22326.27," simply does not add up. In their briefs, both parties have submitted their best guess as to what the magistrate intended and have asked this court to speculate as to the final distribution of the marital assets. This is a task that we refuse to engage in. Conceptually, we understand the basis for the trial court's unequal division of property in this instance and its intention to grant appellee the marital home in exchange for the burden of repaying a larger portion of the parties' debts. However, when the issue comes down to brass tacks, we have no idea how the magistrate and/or trial court computed that appellee would be receiving a "NET SURPLUS OF $22,326.27."
Parenthetically, we wish to emphasize that when a matter is referred to a magistrate, we would hope that this added level of review would further clarify the issues needed to be resolved so that, by the time the matter reaches the appellate court, any remaining issues will be more narrowly defined. That did not happen in this case, and, quite frankly, the appellate court should not be put in the position of having to sit down with pen, paper, and calculator in hand trying to figure out the true meaning of a trial court's property division.
Based on the foregoing, we find some merit to appellant's first assignment of error and remand this matter for further clarification. Appellant's second assignment of error, however, is wholly without merit. The judgment of the trial court is affirmed in part, reversed in part and remanded for further clarification as to the trial court's division of property. __________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J.,
NADER, J., concur.