Appellant Sonja Proctor appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that adopted the findings and recommendations of a magistrate. We affirm.
Proctor is the mother of three children, R.P., R.J., and G.J., each of whom reside with her. On November 17, 1997, G.J. came home from school with a note from his teacher regarding a problem with his behavior. In an attempt to discipline G.J., Proctor hit him several times with a belt. G.J. attempted to move away from his mother and, as a result, Proctor struck him near his eye.
The following day, G.J.'s teacher noticed a mark above his eye. When questioned by school officials, G.J. told them what had happened. The school contacted the police and Summit County Children Services Board ("CSB"). The police charged Proctor with domestic violence, and the children were placed in the emergency temporary custody of CSB. Following a hearing before a magistrate, G.J. was adjudicated an abused child and the other two children were adjudicated dependent. Because this had been an isolated incident, the magistrate ordered that R.P. and R.J. be returned to Proctor's custody and that G.J. also be returned to her custody upon resolution of the domestic violence charge. The trial court approved and adopted the magistrate's decision.
Proctor filed timely objections to the magistrate's decision, challenging the finding that G.J. was an abused child and that, consequently, R.P. and R. J. were dependent children. She specifically challenged the magistrate's factual finding that she struck G.J. with the buckle-end of the belt, contending that the evidence demonstrated that she used the strap of the belt. She further challenged the magistrate's apparent failure to consider the testimony of witnesses who testified in her behalf. She characterized her disciplinary action as "appropriate" under the circumstances and described G.J.'s injury as "a small red mark * * * which did not require any treatment[,]" although the magistrate made no such factual findings. Proctor did not support her challenge with a transcript of proceedings or any other statement of the evidence. The trial court overruled Proctor's objections to the magistrate's decision. Proctor appeals and raises one assignment of error.
Proctor's sole assignment of error is that the trial court's finding that G.J. was an abused child, and that R.P. and R.J. were dependent, was against the manifest weight of the evidence and was not supported by sufficient evidence. Because the challenged finding was made by the magistrate, Proctor was required to preserve this issue through timely objections in the trial court. Juv.R. 40(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Juv.R. 40(E)(3)(b) further provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available."
Although Proctor challenged the magistrate's decision by timely objections, she failed to provide the trial court with a transcript or any other record of the evidence before the magistrate. Therefore, although she objected to the magistrate's determination that G.J. was abused and R.P. and R.J. were dependent, the trial court was required to accept the magistrate's findings of fact and examine only the legal conclusions based on those facts. See State ex rel. Duncan v.Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730 (applying a similar provision of the former Civ.R. 53). This Court is limited to that same review.
On appeal, Proctor does not challenge the trial court's application of the law to the facts as found by the magistrate, nor did she raise such a legal challenge in the trial court. Instead, she asks this Court to examine the circumstances surrounding the alleged act of abuse by reassessing the evidence before the magistrate. Although she failed to support her factual challenge in the trial court, she attempts to do so now. After the trial court overruled her objections to the magistrate's decision, she had a transcript of proceedings prepared and filed with this Court. Because the transcript of proceedings was not before the trial court, however, this Court cannot consider it in its review of the trial court's decision.Duncan, supra. Because Proctor failed to preserve this issue for appellate review, her assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- WILLIAM R. BAIRD FOR THE COURT
DICKINSON, J., CARR, J., CONCUR
APPEARANCES:
TAMMY S. SPOONSTER, Attorney at Law, for Appellant.
MICHAEL T. CALLAHAN, Prosecuting Attorney, and PHILIP D. BOGDANOFF, Assistant Prosecuting Attorney, for Appellee.