DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-Appellant Jose Melendez appeals from a judgment of the Lorain Municipal Court that granted judgment for Defendant-Appellee Thomas Mankis, dba Culligan of Norwalk, on a claim for alleged violations of the Home Solicitation Sales Act and the Consumer Sales Practices Act. This Court affirms.
 I.
On January 9, 1995, Melendez called Mankis's place of business because his hot water was dirty and brown. Mankis's employee went to the Melendez residence the same day and, after an inspection of Melendez's twelve-year-old water softener unit, determined that it "was shot." Consequently, he sold Melendez a new unit for $1,450. Although the new water softener worked, it did not resolve the problem with discolored hot water. The problem apparently continued until Melendez replaced his hot water tank on May 20, 1995.
On June 29, 1995, Melendez contacted Mankis, seeking to rescind the sales contract. Melendez had come to believe that he had not needed a new water softener and he wanted Mankis to remove the unit and refund his money. Because Mankis refused to comply, Melendez[1] brought this action, alleging that Mankis's sale of the water softener to him was a "home solicitation sale" within the meaning of R.C. Chapter 1345; that Mankis had failed to comply with the statutory requirements for such a sale because he did not advise him of his right to rescind the transaction within three days; and that, consequently, he was entitled to damages and attorney fees.
Melendez moved for summary judgment. He supported his motion with his and his wife's affidavits and the deposition of Mankis, taken by Melendez as upon cross-examination. The trial court referred the matter to a magistrate, who denied the summary judgment motion.
The case proceeded to trial to the magistrate. After two days of hearings, the magistrate determined (1) that the sale of the water softener unit was not a "home solicitation sale," (2) that Mankis had informed Melendez of his right to rescind the contract at the time of sale, (3) that the water softener worked properly and Melendez had been using it for three years, and (4) that Melendez had failed to prove any deceptive practices by Mankis or that he had sustained any damages.
Melendez filed objections to the magistrate's decision, which he supported with a partial transcript of the hearing.[2] The trial court overruled his objections and adopted the magistrate's decision. Melendez appeals and raises two assignments of error.
 II.
Melendez's first assignment of error is that the trial court erred in denying his motion for summary judgment. Melendez moved for summary judgment, asserting that the transaction was a home solicitation sale, that Mankis failed to adequately advise him of his right to rescind the contract, and that, as a result, he still had the right to rescind on June 29, 1995, when he attempted to do so. See R.C. 1345.23(C).
As the Ohio Supreme Court held in the syllabus of ContinentalIns. Co. v. Whittington (1994), 71 Ohio St.3d 150:
 Any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made.
Because this case went to trial on the same factual issues Melendez raised in his motion, and the issues were resolved in Mankis's favor, any error in denying the motion for summary judgment was moot or harmless. The first assignment of error is overruled.
Melendez's second assignment of error is that the trial court erred in granting judgment to Mankis. Because the trial was held before a magistrate, whose decision was later adopted by the trial court, Melendez's challenge must comply with Civ.R. 53. Specifically, Civ.R. 53(E) (3) (b) provides, in part:
 Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Although Melendez challenged the magistrate's decision through timely objections, he did not comply with the additional requirements of Civ.R. 53(E) (3) (b). Specifically, he did not provide the trial court with a complete transcript of proceedings or a proper substitute. On appeal, Melendez briefly asserts that a complete transcript was not available and that, consequently, the affidavits and deposition testimony he had previously submitted with his summary judgment motion served as proper substitutes. This Court does not agree.
When a transcript is not available, Civ.R. 53(E) (3) (b) provides that a party may support his objections with an affidavit of the relevant evidence presented at the hearing. This Court has held that a party may support his objections with an affidavit in lieu of a transcript only when: (1) he demonstrates that a transcript is not available, and (2) the affidavit describes all the relevant evidence presented at the hearing, not just the evidence that the party feels is significant. Csongei v. Csongei
(July 30, 1997), Summit App. No. 18143, unreported, at 3-5. Melendez failed to satisfy either of these requirements. He submitted his objections with a partial transcript, but failed to even assert, much less demonstrate, that a transcript of the rest of the hearing was not available. Moreover, rather than submitting a proper Civ.R. 53(E) (3) (b) affidavit of all the relevant evidence presented at the hearing, Melendez merely cited to the affidavits and deposition testimony he submitted in support of his motion for summary judgment. This evidence failed to satisfy the affidavit requirement of Civ.R. 53(E) (3) (b) for numerous reasons, most notably that it was prepared before the hearing was even held and included only the facts favorable to Melendez.
Because Melendez failed to comply with the requirements of Civ.R. 53(E) (3) (b), the trial court was required to accept the magistrate's findings of fact and examine only the legal conclusions based on those facts. See State ex rel. Duncan v.Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730; In reProctor (Feb. 3, 1999), Summit App. No. 19052, unreported, at 3 (applying a similar provision of Juv.R. 40). This Court is limited to that same review.
Melendez mischaracterizes his argument on appeal as purely a legal one. Although he purports to challenge only the legal conclusions of the magistrate, those conclusions were premised on facts that Melendez now disputes. His argument focuses primarily on the propriety of certain factual findings, in particular the magistrate's finding that Mankis gave Melendez notice of his right to rescind the transaction and his failure to find that Mankis's employee came to the Melendez residence for the purpose of repairing, not replacing, the water softener. Because Melendez did not comply with the requirements of Civ.R. 53(E) (3) (b) for challenging the magistrate's factual findings, this Court is precluded from reaching the merits of this assigned error. The second assignment of error is overruled.
 III.
Melendez's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 BETH WHITMORE FOR THE COURT BAIRD, P.J.
BATCHELDER, J.
CONCUR
[1] Although the complaint was filed by Melendez and his wife, Mrs. Melendez later voluntarily dismissed her claim.
[2] Although Melendez failed to indicate that fact or explain to the trial court why the transcript was incomplete, on appeal he notes that "a written transcript of [the Melendezes'] testimony was not made or available."