[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 728.]

THE STATE EX REL. DUNCAN ET AL., APPELLANTS, *v*. CHIPPEWA TOWNSHIP TRUSTEES, APPELLEES.

[Cite as *State ex rel. Duncan v. Chippewa Twp. Trustees*, 1995-Ohio-272.]

*Mandamus to compel Chippewa Township Trustees to open and maintain a township road proposed in 1851—Writ denied, when.*

(No. 95-249—Submitted July 26, 1995—Decided October 11, 1995.)

APPEAL from the Court of Appeals for Wayne County, No. 2833.

_____

{¶ 1} Appellants, Jimmie and Mildred L. Duncan, own real property located in Chippewa Township, Wayne County, Ohio. According to the record of the proceedings of appellees, Chippewa Township Trustees, a petition was presented to the trustees in 1851 to establish a township road located in Chippewa Township. The trustees appointed individuals to view and survey the proposed road. The viewers submitted a report to the trustees that included a plat of the proposed road by the surveyor. In their report, the viewers opined that "a good road may be established" and that the advantages of the proposed road would fully compensate the owner through whose property it would pass. The report was recorded in the trustees' book of proceedings. However, there is no official record indicating that the trustees ever accepted the viewers' report or the joint petition. In particular, there was no evidence that the trustees ordered the petitioners to open the proposed road or that the proposed road was established as a township road.

{¶ 2} Deeds and easements covering the general vicinity of the proposed road referred to it as a means of "ingress and egress," an "old abandoned public road," an "old road," "an un-improved road," and a "former township road."

{¶ 3} The Duncans requested the trustees to open the road and maintain it. The trustees refused the Duncans' requests. On September 15, 1993, the Duncans

filed a complaint in the Court of Appeals for Wayne County, requesting a writ of mandamus compelling the trustees to keep the road open and in good repair, to drag it, and to cut all brush and other noxious weeds growing along it. After the trustees filed an answer denying that the Duncans were entitled to a writ of mandamus, the parties were unable to agree on stipulations of fact. Pursuant to Loc.R. 2(C) of the Ninth District Court of Appeals and Civ.R. 53, the court of appeals appointed a referee to hear evidence to determine whether the road at issue is a township road and any other pending factual issues.

{¶ 4} Following an evidentiary hearing, the parties submitted proposed findings of fact and conclusions of law. The Duncans proposed that the referee conclude that the road was established as a public road by prescription in or before 1920. The referee found, *inter alia*, that (1) one of the Duncans' witnesses, a county right-of-way specialist, testified on the basis of an extensive search that there are no records that the road was ever a public road, and (2) there was no credible evidence that the township had ever maintained the road as a township road. The referee concluded that the road is not a township road because there was no evidence that the statutory or common-law requirements for dedication to public use were satisfied or evidence establishing a public road by prescription. The referee recommended that the Duncans' request for extraordinary relief be denied.

{¶ 5} The Duncans filed objections to the referee's report as well as a supplement enclosing copies of various statutes. Although the parties' exhibits and a videotape deposition of one witness were filed in the court below, the Duncans neither requested nor filed in that court a copy of the transcript of the evidentiary hearing conducted by the referee. The court of appeals, after noting that the Duncans did not file a transcript of the hearing, adopted the referee's findings of fact and conclusions of law, holding that the Duncans had failed to establish that the trustees possessed any duty to maintain the road in question.

{¶ 6} The cause is now before this court upon an appeal as of right.

―――――――――――

*Miller, Mast & Lee* and *Diane Stromme Mast*, for appellants.

*Keith A. Shearer*, Wayne County Prosecuting Attorney, for appellees.

―――――――――――

**Per Curiam.**

{¶ 7} In order to be entitled to a writ of mandamus, the Duncans had to establish a clear legal right to have the road opened and maintained, a clear legal duty on the part of the trustees to open and maintain the road, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 637 N.E.2d 1.

{¶ 8} Under R.C. 5571.02, 5571.12, and 5579.08, township trustees possess duties to keep township roads in good repair, cut brush and noxious weeds growing along township roads, and drag graveled and unimproved township roads. The court of appeals determined that because the Duncans failed to establish that the road in question was a township road, the trustees possessed none of the foregoing duties as to that road.

{¶ 9} In their sole proposition of law, the Duncans assert that the road was statutorily established as a township road in 1851 when a viewers' report and survey of the proposed road were recorded in the trustees' record of proceedings. The referee found that a petition was presented to the trustees in 1851 that requested that the road be accepted as a "township road," and a report of three viewers and a surveyor appointed by the trustees was submitted to them. The referee concluded that there was "absolutely no evidence to demonstrate that the Township Trustees *** ever accepted this roadway as a township road." The court of appeals adopted the referee's findings of fact and conclusions of law after noting that the Duncans had failed to file a transcript of the evidentiary hearing held before the referee. On appeal, we allowed the Duncans to supplement the record with the hearing transcript.

**{¶ 10}** When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. *High v. High* (1993), 89 Ohio App.3d 424, 427, 624 N.E.2d 801, 802-803; Civ.R. 53(E)(6); *Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 548 N.E.2d 287; see, also, *Purpura v. Purpura* (1986), 33 Ohio App.3d 237, 515 N.E.2d 27. In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion. *Krause v. Krause* (Apr. 27, 1995), Cuyahoga App. No. 66809, unreported.

**{¶ 11}** Therefore, to the extent that the Duncans rely on evidence from the evidentiary hearing transcript which was not before the court of appeals in ruling on the Duncans' objections to the referee's report, their argument must fail. *High, supra*; see, also, *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").

**{¶ 12}** Nevertheless, the Duncans' main contention is that the legal conclusion of the court of appeals that the road was not a township road does not follow from its factual finding that the report of the viewers on the proposed road was submitted to the trustees. In essence, the Duncans assert that the court of appeals abused its discretion in so holding. The term "abuse of discretion" connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 107, 647 N.E.2d 799, 801.

**{¶ 13}** The Duncans contend that under the pertinent statute in effect at the time the viewers' report was recorded in the trustees' record of proceedings, the road was established as a township road. The statute in effect in 1851, entitled an "ACT defining the mode of laying out and establishing township roads," provided that applications for township roads be by petition to township trustees, that thirty days' notice be given, and that the trustees appoint three viewers and a surveyor to consider whether the proposed road should be established as a township road. 29 Ohio Laws 365; Swan, Statutes of Ohio (1841) 804. Section 3 of the statute further provided:

"That said viewers shall make a report, in writing, to the trustees, setting forth their opinion in full on the subject *** which report, together with a return and plat of the survey of said road, shall be deposited with the township clerk, who shall notify the trustees thereof: whereupon, the said trustees shall, at their next meeting, cause said report to be read: and if the same be in favor of establishing said road, and the trustees deem it reasonable and just, *** the clerk of the township shall enter the said report on record; and the trustees shall issue their order to the petitioner or petitioners, or any of them, to open said road thirty feet wide: and from thenceforth, the same shall be considered a private or township road ***."

**{¶ 14}** The Duncans rely on *Arnold v. Flattery* (1831), 5 Ohio 271, and *Anderson v. Commrs. of Hamilton Cty.* (1861), 12 Ohio St. 635, in support of their contention that the fact that the viewers' report and survey plat were recorded in the trustees' record of proceedings established that the trustees had approved the petition and created the township road. In *Arnold*, a landowner brought a trespass action against a highway supervisor, claiming that the road at issue was not a county road. The supervisor introduced a record book of the county commissioners' proceedings, which indicated only the recordation of the submission of a written viewers' report and a survey plat of the road. This court held that the township road was sufficiently established:

"Where a road has been laid out in the manner prescribed by law, opened and used many years, it can not be allowed that it shall be suddenly closed by any individual through whose land it passes ***. Nor can it be required, after a lapse of many years, that to sustain a public road every preliminary step directed to be taken in establishing it must be proven by existing papers or records. In this case the court admitted the record and parol proof of the opening and using [of] the road. The record was admitted to establish the fact that the road had been applied for and ordered; the proof of the opening and use, to show where it was actually opened and used." *Arnold, supra*, 5 Ohio St. at 273.

{¶ 15} Unlike *Arnold* and another case relied upon by the Duncans, *Beebe v. Scheidt* (1862), 13 Ohio St. 406, this is not an action in trespass. Further, in *Anderson, supra*, 12 Ohio St. at 643, this court emphasized that the *Arnold* holding was based upon the presumption that assent to and acquiescence in dedication of a public road to public use becomes conclusive due to the road's opening and use by the public after a lapse of a number of years. In contrast, the record here is sparse as to any assent to or use of the road by the public for a number of years.

{¶ 16} Finally, the language of Section 3 of the statute plainly and unambiguously provided that the road shall "be considered a *** township road" only after, in addition to the recordation of the viewers' report, the trustees "issue their order to the petitioner or petitioners *** to open said road thirty feet wide." 29 Ohio Laws 365. There is no evidence that the trustees ever issued such an order in the case at bar.

{¶ 17} The Duncans' reliance on *Anderson* is similarly misplaced. Although *Anderson* held that a record of a viewers' report in the county commissioners' proceedings was *prima facie* evidence of the establishment of a county road, the statute at issue in *Anderson* provided that if the county commissioners "are satisfied that such [proposed] road will be of public utility, and the report of the viewers being favorable thereto, they shall cause said report, survey

6

and plat to be recorded, and from thenceforth said road shall be considered a public highway." 29 Ohio Laws 358, 360. *Anderson, supra*, 12 Ohio St. at 642, applied the plain language of the foregoing statute to hold that "[i]f the report, survey and plat be recorded, as directed by the statute, the presumption that it has been properly and regularly done will arise, and the record will, in the language of the statute, show that the road is to be considered a public highway." Conversely, the statute here specifies that a road shall not be considered a township road until, in addition to the recordation of the viewers' report, the township trustees issue an order to petitioners to open the road thirty feet wide.

{¶ 18} When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135,137-138, 566 N.E.2d 1181, 1184. The referee's conclusions of law were fully supported by his findings of fact. Based on the foregoing, the court of appeals did not abuse its discretion in adopting the referee's report and holding that the Duncans were not entitled to a writ of mandamus.

{¶ 19} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., CONCUR.

DOUGLAS, J., concurs in judgment only.

COOK, J., not participating.

—————————————