As the principle opinion notes, the realtor must clearly establish that Township Road 277 is a public township road in order to have a right to the mandamus relief requested. State exrel. Duncan v. Chippewa Twp. Trustees (1995) 73 Ohio St.3d 728,654 N.E.2d 1254; State ex rel. Schmardebeck v. Bay Twp. Bd. ofTrustees (Dec. 30, 1993), Ottawa App. No. 93OT012, unpublished. Here, the respondents deny that the road is duly dedicated. The principle opinion correctly concludes that the road is a public township road, but fails to indicate a basis for that conclusion.
The evidence in this case shows that York Township Trustees have considered Township Road 277 a township road since at least the 1970's; it is listed as a township road in ODOT road inventories. It is commonly referred to as a township road in Trustee records and minutes and the Trustees have treated it as such by receiving state funds for its maintenance. This is clear evidence that the Township Trustees have taken control of the .75 mile funded portion of the road, thereby accepting its dedication. Moreover, having received state funding to maintain the road, the respondents are estopped from denying its establishment as a pubic [public] township road, and their resulting duty to maintain it pursuant to R.C. 5571.02. See, Cain v. Fenwick
(Jan. 11, 1995), Lorain App. Nos. 94CA005827, 94CA005828, unpublished, citing Miller v. City of West Carrollton (Aug. 27, 1991), Montgomery App. No. 12606, unreported ("[O]nce a political subdivision treats a road as a public way, thereby holding it out to the public as such, it creates a public perception of the road's character which it is estopped from denying.").
The estoppel not only resolves the issue of dedication, it also applies to preclude the Trustees from successfully raising common law abandonment as a defense. While the principle opinion implicitly holds that statutory abandonment is the only means by which a township can extinguish its duty to maintain township roads, see State ex rel. Jones, supra, I do not reach that issue. Because the township has continued to receive public funds to maintain Township Road 277, it is estopped from raising common law abandonment here. Under other circumstances, the availability of common law abandonment may need to be addressed directly.
As a final caveat, nothing in this concurring opinion should be construed to address the issue of whether the Trustees are barred from proceeding with statutory abandonment subsequent to our decision.