DECISION AND JUDGMENT ENTRY
This is an appeal from a July 19, 2000 judgment entry of the Lucas County Court of Common Pleas, Domestic Relations Division, in which the trial court overruled objections filed by appellant, Marilyn R. Sparks, to a magistrate's decision, on the accelerated docket. Appellant has presented four assignments of error for our consideration. The assignments of error are:
 "1. The Trial Court erred in finding that Rule 53(E)(3) and local rule 7.14 required the objection be supported with transcript.
 "2. The Court erred in determining there was insufficient evidence submitted with the objection to support a finding that Plaintiff/Appellee owes Defendant/Appellant a sum certain.
 "3. The Magistrates [sic] order as affirmed by the Court exceeds the authority of the Court in violation of Ohio Revised Code 3105.171.
 "4. The Trial Court's decision that Plaintiff/Appellee was not in contempt for non-payment of the 1st and 2nd mortgage and child support as ordered in the divorce decree was against the manifest weight of the evidence."
The parties agree that when the trial court granted them a divorce in 1978, it included the following provision in its order:
 "IT IS THEREFORE ORDERED that the title to the real property of the parties located at 2561 116th Street, Toledo, Ohio, shall remain in the name of both parties and the defendant is entitled to reside in said home until the youngest child attains the age of 18 years, or if such child is sooner emancipated or upon the death or remarriage of the defendant or defendant cohabitates with another male, not a member of her immediate family, the said real estate is to be sold and the net proceeds derived therefrom are to be divided one-half (½) to the plaintiff and one-half (½) to the defendant. The plaintiff is hereby ordered to pay the first and second mortgage payments on said premises for a period of nine (9) years herefrom and save the wife harmless therefrom. The defendant is hereby ordered to assume the mortgage payments on the said premises after the ninth year herefrom and save the plaintiff harmless therefrom. In the event the defendant desires to vacate the said premises as her residence prior to the youngest child attaining the age of 18 years or child is sooner emancipated, the premises are to be sold at the time and the net proceeds thereof to be divided one-half (½) to the plaintiff and one-half (½) to the defendant."
The above-quoted provision became the focus of further court proceedings in this case several years after it was first made an order by the trial court. The further court proceedings are now under consideration in this appeal.
On June 2, 1999, appellant filed a motion to show cause, asking the trial court to find appellee, James A. Sparks, in contempt of court for failing to make the mortgage payments on the house as he was ordered to do in 1978. Appellant asked for a lump sum judgment for payments she made on the first and second mortgages after appellee refused to make the payments. In the alternative, she asked that she be awarded the title to the house free and clear of appellee's claims.
On October 6, 1999, appellee filed a motion to order the sale of real property, to establish fair rental value, for a lump-sum judgment and for equitable relief. Appellee argued that the youngest child of appellant and appellee was emancipated on January 27, 1990. He said that appellant refused to sell the marital residence. He asked the trial court to enforce its original order regarding the sale of the house and to award him fifty percent of the rental value of the house from January 27, 1990 until the time of the sale of the house.
On May 17, 2000, a magistrate's decision was filed in the trial court relating to both motions filed by the parties. The magistrate made several findings of fact, including: (1) appellant made all the mortgage payments on the house since 1968; (2) the principal balance on the mortgage was $7,943.38 on March 8, 1990, and was $10,328.49 on March 9, 1997; (3) appellant never made any rent payments to appellee after 1990; (4) appellant made repairs to the roof of the house in 1992 costing $1,800; and (5) appellee acknowledged "an arrearage in child support in the approximate amount of $30,000.00." The magistrate then made the following conclusions of law:
 "1. Plaintiff and Defendant are still the joint owners of real property some twenty-two years after their divorce. Pursuant to the terms of the divorce, the property was to have been sold and the proceeds divided at the time the youngest child was emancipated. This occurred in 1990. At that time, neither of the parties acted to effectuate the terms of the final decree by selling the property or requesting the sale. Instead the parties sat on their rights and allowed the situation to complicate itself for some eight years.
 "Plaintiff now requests that he be awarded one-half (½) the fair rental value of the property for the term that Defendant retained possession after the emancipation date. Defendant requests that the Court take into account that there was a major repair to the roof after the emancipation date. They both expect that the Court will `make them whole' and adjust the equities to reflect these expenses. They are both wrong. The problems of the parties are of their own making. The property should have been sold in 1990 at which time they would have had none of the problems or claims they have now.
 "This is a property settlement. They are not entitled to any relief other than an order for sale. This is what they would have gotten in 1990 and this is what they are entitled to now. Any payments made after that date or claims foregone are deemed to be gifts. The property shall be sold and the equity divided per the terms of the decree as of the date of the sale."
The magistrate then entered decisions that appellant's motion to show cause was not well-taken and was denied, and that appellee's order to sell the house, to establish fair rental value, to receive a lump-sum judgment or for equitable relief was partially well-taken. The magistrate ordered that the house be sold for $94,000 within ninety days from the date of its order. Finally, the magistrate denied appellant's request that the court find appellee in contempt.
On May 30, 2000, appellant filed objections to the magistrate's decision. Appellant stated that she had no objection to the findings of fact, with the exception of a wrong date regarding the balance of the principal owed on the mortgage: appellant said the finding should refer to 1987, not 1997. Appellant argued that the magistrate's decision was erroneous as a matter of law, because the magistrate should have made a finding that appellant was owed certain sums for appellee's failure to make his court ordered first and second mortgage payments for nine years. Specifically, she said appellee owes her $21,373 for mortgage payments she made that he was ordered to pay, plus interest.
Appellant also argued that she should have been given credit for repairs and improvements she made to the property since 1990. She said that the magistrate's decision was inequitable because it rewarded appellee for violating court orders; to pay child support and to pay the mortgages on the house. She argued that at the very least, she should be given credit for the mortgage payments she made that were appellee's obligation.
On July 19, 2000, the trial court filed a judgment entry containing its rulings on appellant's objections to the magistrate's decision. The trial court began by saying that pursuant to Civ.R. 53(E)(3)(b):
 "any objection to a finding of fact shall be supported by a transcript of all evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
The trial court went on to say:
 "The issue of a creditor set-off requires that the Court determine that a party has not complied with prior court orders; that as a result of that noncompliance money is owed to the other party; and that the money owed should be credited against money owed by the other party under yet other orders. The Magistrate would have to make specific findings that Plaintiff owes Defendant a sum certain under the prior order of the Court. The Magistrate found that `Defendant made all mortgage payments since 1968,' and that `Plaintiff contends that he made payments for six months in 1981-82. He has no records to support his claim.' Items four (4) and fourteen (14) Findings of Fact, Magistrate's Decision with Permanent Order, filed May 17, 2000. Because Defendant has failed to comply with the transcript requirement pursuant to Rule 7.14 of the Rules of this Court, the Court is unable to determine whether there was sufficient evidence to support a finding that Plaintiff owes Defendant a sum certain under the prior order of the Court, and therefore, is entitled to a credit. `Furthermore, in asserting that `[t]he Magistrate failed to give [D]efendant credit for repairs and improvements which she made on the property since 1990,' the Court finds that Defendant is seeking a modification of the prior order of the property settlement provision of the Judgment Entry, and that such modification is not permitted by statute. Objections to the Magistrate's Decision, filed May 30, 2000."
The trial court went on to state that the provisions of R.C. 3105.171(I) prohibit the modification of a property settlement order. The trial court affirmed the conclusion of the magistrate that the trial court could only enforce the original terms of the property settlement, and could not modify the terms of the divorce decree. The trial court therefore affirmed the magistrate's decision in this case. Appellant then brought this appeal.
In support of her first assignment of error, appellant argues that the trial court erred when it ruled that it could not rule on her objections to the magistrate's decision, because she did not file a transcript of the hearing held by the magistrate with her objections. Appellant says that the portions of Civ.R. 53 and of Loc.R. 7.14(A) of the Court of Common Pleas of Lucas County, Domestic Relations Division, that require a transcript to be filed with objections to a magistrate's decision only apply if the objections relate to the findings of fact entered by the magistrate. Appellant says that she was not challenging the magistrate's findings of fact when she filed objections in the trial court. Rather, she was objecting to the legal conclusions reached by the magistrate based upon the application of the law to the findings of fact.
Appellant refers to the statement of the trial court that it could not make a determination whether there was sufficient evidence to support a ruling that appellee owed appellant a sum certain under prior orders of the court without a transcript of the magistrate's hearing. Appellant says that the magistrate's findings of fact, which were not challenged by either appellant or appellee gave the trial court all the evidence it needed to conclude that appellant made all the mortgage payments and that appellee had no proof to support his allegation that he had made some payments. Furthermore, the record included "Defendant's Exhibit A" which gave a sum certain of the total amount of mortgage payments made by appellant during the years that appellee had a court-ordered obligation to make the payments but refused to pay. Appellant points out that "Defendant's Exhibit A" was admitted into evidence by the magistrate without objection and by stipulation, as stated in the magistrate's decision. Finally, appellant says that the magistrate included in the findings of fact an admission made by appellee that appellee owed an arrearage of $30,000 in child support. Appellant concludes that the trial court had sufficient facts before it through the magistrate's findings of fact and the exhibits admitted into the record to support a finding that appellee owed appellant a sum certain, and that the trial court's statement that it could not make an adequate review of the facts without a transcript of the magistrate's hearing was in error.
Appellee replies that the trial court did not err when it ruled that it could not consider the merits of appellant's objections to the magistrate's decision without a copy of the transcript from the magistrate's hearing. Appellee says that the conclusions of law are based upon findings of fact, so a transcript is required, pursuant to Civ.R. 53 and to Loc.R. 7.14(A) of the Court of Common Pleas of Lucas County, Domestic Relations Division even when a party is only objecting to legal conclusions reached by a magistrate. Appellee says that since no transcript was filed or considered by the trial court, this court is also precluded from considering the transcript which appellee had filed on appeal. Finally, appellee says this court can only reverse the ruling of the trial court if the trial court abused its discretion. Appellee says the trial court did not act unreasonably, arbitrarily or unconscionably when it ruled that the terms of the original property settlement must be enforced.
First, we note that we agree with appellee that this court is precluded from reviewing the transcript of the magistrate's hearing that was included in the record on appeal because it was not provided to the trial court for review with appellant's objections to the magistrate's report. See, State ex rel. Duncan v. Chippewa Twp. Trustees(1995),73 Ohio St.3d 728, 730. Furthermore, we note that our standard of review when no transcript of the magistrate's hearing was provided to the trial court is to "determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion." Id. at 730. As the Supreme Court of Ohio has said:
 "The term `abuse of discretion' connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id.
Keeping these standards in mind, we now consider the arguments presented by the parties relating to the first assignment of error.
Civ.R. 53(E)(3)(b) states the following regarding requirements for objections to a magistrate's decision:
 "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." (Emphasis added).
We agree with appellant that the plain terms of Civ.R. 53(E)(3) (b) impose a requirement to provide a transcript of a magistrate's hearing on a party objecting to the magistrate's decision only when the party is objecting to a finding of fact made by the magistrate. Appellant is therefore correct that the trial court should have accepted the findings of fact made by the magistrate as true and then considered her objections to the conclusions of law reached by the magistrate based upon those findings of fact. Appellant is also correct that the magistrate's factual finding that appellee made an admission that he owes a sum certain ($30,000) for accrued child support obligations is sufficient evidence to alert the court that appellant is entitled to a credit. Furthermore, the trial court could properly consider the evidence contained in Defendant's Exhibit A to ascertain a sum certain to be credited to appellant for mortgage payments she made because the magistrate's findings of fact included: (1) the terms of the original court order imposing the obligation upon appellee to make the payments; and (2) separate findings that appellant, not appellee, made all the payments, and that Defendant's Exhibit A, a list of all the mortgage payments made since 1979, was admitted into evidence by stipulation of the parties. Even though appellant did not order a transcript of the magistrate's hearing to be attached to her objections to the magistrate's decision, the exhibits admitted into the record during the magistrate's hearing were fully available to the trial court and should have been reviewed if necessary to permit the trial court to determine whether the conclusions of law reached by the magistrate were erroneous. The trial court's dismissal of appellant's objections to the magistrate's report solely on the basis that she did not file a transcript of the magistrate's hearing with her objections was therefore an abuse of discretion in this case. Appellants first assignment of error is well-taken.
In support of her second assignment of error, appellant argues that the trial court erred when it said that there was insufficient evidence submitted with appellant's objections to the magistrate's report to support a finding that appellant is owed a sum certain by appellee. Appellant reiterates her argument that her objections were not to the magistrate's findings of fact, but were to the legal conclusions reached by the magistrate. Appellant says that the magistrate's decision included in its findings of fact several facts that were stipulated to by the parties that established that appellee owes appellant a sum certain for mortgage payments she made that appellee was ordered to make, for taxes she paid that appellee was ordered to pay, and for child support payments he was ordered to make but which are accrued. Appellant says the trial court could have remanded the matter back to the magistrate for further consideration of the facts already on record or for a specific finding that appellee owes appellant sums certain. Appellant concludes that the trial court's statement that there was insufficient evidence to determine that appellee owes a sum certain to appellant is contrary to the facts stated by the magistrate in the findings of fact of the magistrate's decision.
Appellee responds that without the transcript from the magistrate's hearing, the trial court had insufficient evidence to support a finding that appellee owes appellant a sum certain under a prior order of the court. Appellee contends that the findings of fact made by the magistrate, standing alone without a transcript of the magistrate's hearing, were not sufficient to support a finding that appellee owes appellant a sum certain. Appellee says: "A transcript of the prior proceedings is the only proper manner to review the evidence presented."
For the reasons already discussed in Assignment of Error No. One, we agree with appellant that the trial court erred when it stated that it lacked sufficient evidence to determine whether appellee owes appellant sums certain pursuant to prior court orders. The factual findings made by the magistrate in the magistrate's decision were not challenged by either party. The factual findings established that appellee was under prior court order to pay the mortgages and taxes on the marital residence following the divorce of the parties, and that he was obligated to pay child support. The findings also established that appellee did not comply with the previous court orders, that he admitted to an arrearage in child support amounting to $30,000, and that exhibits admitted into the record by joint stipulation showed the amounts appellant paid for mortgages and real estate taxes after appellee refused to meet his court-ordered obligations. The trial court therefore had sufficient evidence before it to determine that appellee owes sums certain and to determine those amounts even without a transcript of the magistrate's hearing. In addition, the trial court had enough information to alert it that the sums certain were owed and could be determined from the exhibits, and even if it believed it needed specific findings from the magistrate, it had the ability, pursuant to Civ.R. 53(E)(4)(b), to modify the magistrate's decision to include the necessary findings, to hear additional evidence, to recommit the matter to the magistrate with instructions to make the necessary findings or to hear the matter itself. We find that under the circumstances of this case, it was an abuse of discretion for the trial court not to pursue one of these options. Appellant's second assignment of error is well-taken.
In support of her third assignment of error, appellant argues that the trial court erred when it affirmed the magistrate's decision that the court could not grant appellant any relief because the court does not have the authority to modify the terms of a divorce decree property settlement order pursuant to R.C. 3105.171(I). Appellant acknowledges that R.C. 3105.171(I) provides that: "[a] division or disbursement of property or a distributive award under this section is not subject to future modification by the court." Appellant argues, however, that there are two pertinent orders contained in the original property settlement, and that the trial court actually modified the original order by only enforcing one of the orders.
Specifically, appellant says that the original property settlement order contained the following two provisions: (1) that appellee pay the first and second mortgage payments for nine years; and (2) that the marital residence be sold when the youngest child reached emancipation and the proceeds divided between appellant and appellee. Appellant says that the trial court is only enforcing the sale of the property, and has done nothing to enforce its order that appellee pay the first and second mortgages on the home. Appellant says the end result of the trial court's decision is that the original distribution award has been greatly modified and that it violates the intent of the provisions found in R.C.3105.171(I).
Appellant says she filed the motion in the trial court that led to the ruling now being challenged on appeal. She says that in her motion she was seeking a set-off, not an order from the court to change the property division. She says that while a modification of the property division is not permitted, a set-off order is permitted. She says that while the trial court did not have the authority to modify its original property division order, it did have the inherent authority to punish appellee for failing to comply with the portions of the trial court's previous order that he pay nine years of first and second mortgage payments and that he pay child support. She says that through her motion, she was seeking the trial court's enforcement of, not the modification of, its prior order. She says that the trial court's order awarding appellee one-half of the proceeds from the sale of the marital residence without any set-off for the amounts appellee owes her for accrued child support and for the first and second mortgage payments she was forced to make after he failed to comply with the order to pay them is an abuse of discretion.
Appellee responds that the trial court correctly followed the provisions of R.C. 3105.171(I) in this case that prohibit the modification of a property settlement in a divorce decree. Appellee says that the trial court correctly concluded that the property had to be sold according to the property settlement terms in its original decree. Appellee further responds that the trial court could not give appellant set-off credits because appellant failed to provide the trial court with the transcript from the magistrate's hearing, so the trial court could not determine a sum certain owed. Appellee also argues that if the trial court did allow a set-off, it would be modifying the terms of the original property settlement in violation of R.C. 3105.171(I). Finally, appellee says that since appellant waited twenty-one years before she filed her motion to show cause, it would be inequitable for the trial court to order a set-off to be charged against appellee.
The Fifth District Court of Appeals has said:
 "A request for set-off or credit does not request an order be changed or set aside. What it requests is for the trial court to determine that a party has not complied with prior court orders and as a result of that non-compliance money is owed to the other party and that money owed should be credited against money owed by the other party under prior orders. The orders themselves are not effected." Lough v. Lough (Nov. 5, 1999), Licking App. No. 98CA00120, unreported.
We agree with that rationale, and find that it should have been applied by the magistrate and the trial court in this case. Neither party was asking the court to modify its original property division order in this case. Both parties were asking for the court to order set-offs for the amount each owed the other due to prior court orders.
Appellant did not ask the trial court to modify the original order that the marital residence be sold and the proceeds divided in half. Instead, appellant asked the trial court to credit her with a set-off on the amount she owed appellee upon the sale of the marital residence because appellee failed to abide by two prior court orders that he pay child support and that he pay the first and second mortgages on the marital residence for nine years. Appellant asked the trial court to determine the amounts appellee owed her for accrued child support and for first and second mortgage payments that he failed to pay as ordered for nine years and that the court apply those amounts toward the amount she would be liable to pay appellee upon the sale of the residence.
Likewise, appellee was asking for a set-off on the amounts he owed appellant for accrued child support and non-payment of first and second mortgage payments for nine years. He alleged that because appellant failed to abide by the court order that she sell the marital residence when the youngest child was emancipated he was entitled to payment from appellant in the amount of half of the reasonable rent that she would have been required to pay for the years she stayed in the marital residence after the youngest child was emancipated. Determining the amounts of those set-offs and applying them to the debts owed would not have resulted in a modification of the original property settlement in this case, but would have met the requirement that equity be served.
Appellee's argument that appellant should be barred by latches from claiming her right to a set-off for the amounts he owes her under prior court-ordered obligations is unpersuasive, since appellee is equally responsible for the delay in seeking an order from the court to enforce its original decree that the marital residence be sold upon the emancipation of the youngest child of the parties. Appellee could have sought an order from the trial court to compel the sale of the residence at any time after the youngest child was emancipated and cannot now complain of the delay.
Appellant is correct that the trial court reached an erroneous legal conclusion when it ruled that it could not consider the requests of the parties in this case for set-offs, because the set-offs would be a modification of the original property settlement order. Appellant's third assignment of error is well-taken.
In support of her fourth assignment of error, appellant argues that the trial court's ruling that appellee was not in contempt of court for failing to pay the first and second mortgage payments on the marital residence for nine years and for failing to pay court-ordered child support was against the manifest weight of the evidence. Appellant again refers to the findings of fact in the magistrate's decision to assert that the trial court had ample evidence to find that appellee had a court-ordered responsibility to pay the first and second mortgage on the marital residence for nine years and that he failed to make the payments. Appellant also cites to the magistrate's findings of fact to say that the trial court was aware that appellee made a party admission that he had an arrearage of $30,000 for child support. Appellant says that even without a transcript from the magistrate's hearing, the trial court had unrefuted findings of fact that established that appellee was in contempt of court because he did not comply with court orders and he offered no defense for his failure to comply.
Appellee responds that appellant never raised any objection in the trial court to the magistrate's decision that appellee was not in contempt of court. Appellee says appellant only objected to: (1) the magistrate's failure to make a ruling that appellee owed a sum certain for failing to make the first and second mortgage payments for nine years; (2) to the magistrate's failure to credit her for mortgage payments she made since 1990; and (3) for the magistrate's failure to give her credit for repairs and improvements she made to the property since 1990.
In the alternative, appellee says that even if appellant did object to the magistrate's failure to find him in contempt, appellant's failure to file a transcript of the magistrate's hearing waived appellant's right to have the trial court consider whether the magistrate's ruling was against the manifest weight of the evidence. Appellee quotes Loc.R. 7.14(A) of the Court of Common Pleas of Lucas County, Domestic Relations Division, which provides in part: "If a finding or fact or the weight of the evidence is a part or all of the basis of an objection or motion to set aside, a transcript of the testimony is necessary to support the objection." Appellee says appellant's failure to file a transcript barred her from raising any arguments relating to the weight of the evidence.
Finally, appellee argues that the trial court had discretion regarding whether it should find appellee in contempt. Appellee acknowledges that he did not comply with court orders that he make mortgage payments and child support. Appellee then states that appellant also failed to follow a court order when she failed to place the marital residence for sale when the youngest child was emancipated. He asserts that since neither party complied with the court's previous orders, it was proper for the trial court to decide that it would not find appellee in contempt.
We are persuaded by appellee's assertion that the equities in this case justified a decision by the trial court that it would not hold appellee in contempt. Appellant can still be credited with set-offs for the sums certain that appellee owes for not complying with prior court orders even if there is no finding that appellee is in contempt. Furthermore, appellee is correct when he points out that appellant also failed to comply with a prior court order. Accordingly, appellant's fourth assignment of error is not well-taken and is denied.
The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part. This case is remanded for further proceedings consistent with this decision. Appellant and appellee are each ordered to pay one-half the court costs of this appeal.
 _____________________ HANDWORK, J., Judge
 Melvin L. Resnick, J., concur.