OPINION
This is an appeal from the judgment of the Van Wert County Court of Common Pleas which awarded Defendant-Appellee, Daniel Miller, residential parent status throughout the school year.
On June 29, 2000, Plaintiff-Appellant, Katherine Miller, filed a Motion for Relocation of the Millers' minor children, Jordan Miller (d.o.b. 3/28/93) and Sarah Miller (d.o.b. 3/21/95). On July 7, 2000, Appellee filed a motion for Modification of Residential Placement. On February 2, 2001, an evidentiary hearing was held before a magistrate on both motions. On June 14, 2001, the magistrate issued detailed findings of fact and conclusions of law. Specifically, the magistrate's report designated Appellee the residential parent for the children throughout the school year and designated Appellant the residential parent for the children during the summer months. Subsequently, Appellant filed an objection to the magistrate's ruling. The trial court overruled the objection based on Appellant's failure to identify specific findings of fact which she disputed in the magistrate's judgment entry and based on Appellant's failure to request an extension of time to submit a transcript. After overruling Appellant's objections, the trial court approved and adopted the magistrate's findings in their entirety.
Appellant now appeals asserting a single assignment of error:
 The decision of the Magistrate is manifestly against the weight of the evidence and is not supported by the evidence in the case and should be overruled.
Civ.R. 53(E)(3)(b) states:
 Objections shall be specific and state with particularity the grounds of objection. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusions of law unless the party has objected to that finding or conclusion under this rule.
Additionally, Civ.R. 53(E)(3)(a) requires the objection to be filed within fourteen days of the magistrate's decision. Furthermore, the Ohio Supreme Court in State ex rel. Duncan v. Chippewa Twp. Trustees held that,
 [w]hen a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report * * * the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record.
(1995), 73 Ohio St.3d 728, 730.
In this case, Appellant filed her objection within the fourteen days as required. However, she did not request a continuance to procure a transcript nor did she actually obtain a transcript prior to this appeal. Additionally, no affidavit was submitted which recites evidence relevant to Appellant's objections. Therefore, we are precluded from relying on the transcript submitted with this appeal when evaluating the magistrate's decision. See Jones v. Jones (May 26, 2000), Van Wert App. No. 15-2000-01, unreported.
Moreover, as we are not permitted to examine the transcript submitted for the first time on appeal in this case under the express language of Civ.R. 53 and State ex. rel Duncan, we find that Appellant has also effectively failed to comply with App.R. 9(b). See also Patterson v.Metarie v. Farmers Ins. Co. (March 29, 1996), Lake App. No. 95-L-132, unreported. App.R. 9(b) provides,
 If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusions.
As noted earlier, appellant's sole assignment of error in this appeal alleges only that "the decision of the magistrate is against the manifest weight of the evidence and is not supported by the evidence in this case." [emphasis added]. The assigned error challenges the final judgment of the trial court in no other respect. Based on the foregoing authority, the assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
BRYANT and WALTERS, J.J., concur.