This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants/cross-appellees, Mr. and Mrs. Robert Malaski (collectively referred to as "the Malaskis"), appeal from the decision of the Summit County Court of Common Pleas, holding that appellee/cross-appellant, Framingham Lane Condominium Association ("Framingham Lane"), shall make repairs to the Malaskis' condominium siding in the time and manner directed by Framingham Lane. Framingham Lane cross-appeals the decision of the trial court, ordering it to make repairs to the Malaskis' condominium. We affirm in part and reverse in part.
 I.
On July 22, 1999, the Malaskis filed a complaint against the Board of Managers of the Framingham Lane Condominium Owner's Association in the Cuyahoga Falls Municipal Court, alleging that the aluminum siding on the Malaskis' condominium unit, located adjacent to a golf course, had become damaged by golf balls. The complaint was later amended, dismissing the action as against the Board of Managers and alleging that Framingham Lane itself had the responsibility to repair the exterior of the unit. The case was transferred to the Summit County Court of Common Pleas on May 25, 2000.
A hearing was held before a magistrate on March 23, 2001, and, on April 18, 2001, the magistrate issued a decision. The trial court reversed the decision of the magistrate on May 21, 2001, holding that the magistrate should only consider the issue of repair to the aluminum siding and not the betterment or improvement to the property. In so holding, the court noted that the evidence upon which the magistrate's opinion would be based should be taken and restricted only to the issue of repair.
Upon remand, a formal evidentiary hearing was not held; rather, the parties agreed to submit supplemental trial briefs. Attached to Framingham Lane's supplemental brief was the sworn affidavit testimony of two contractors who estimated the cost of repairing the aluminum siding. In the Malaskis' supplemental brief, they asserted that the evidence introduced at the hearing established that the damages amounted to less than $10,000. On August 23, 2001, the magistrate held that Framingham Lane was required to repair the Malaskis' aluminum siding. His opinion was based solely on the cost to repair the Malaskis' unit, not the cost associated with other portions of the common area that may have also been damaged by golf balls. On September 19, 2001, the trial court adopted the decision of the magistrate, holding that the condominium declaration required repairs to be made when the repairs were less than $10,000 and that, pursuant to the testimony received by the magistrate, the repairs to the Malaskis' unit itself would cost approximately $1,700. In addition, the trial court held that Framingham Lane was required to make the repairs to the Malaskis' aluminum siding and that such repairs were to be made in the time and manner as directed by Framingham Lane. This appeal followed.
 II.
The Malaskis' Assignment of Error
 "The Trial Court erred in determining that the Defendant has the discretion as to when to do the repairs."
In the Malaskis' assignment of error, they argue that, while the trial court was correct in holding that Framingham Lane must repair their siding, the trial court erred in holding that Framingham Lane could make such repairs in the time and manner as directed by Framingham Lane. The Malaskis argue that, pursuant to R.C. 5311.14 and the condominium declaration, Framingham Lane must make prompt restoration and repair to their siding. We agree.
A trial court's resolution of the construction of a written contract and other legal issues is reviewed de novo on appeal, without any deference afforded to the result that was reached below. See Graham v.Drydock Coal Co. (1996), 76 Ohio St.3d 311, 313. In the present case, the Declaration of Condominium Ownership ("the Declaration") for Framingham Lane provides that it was the intention of the grantor "to submit [Framingham Lane] to the provisions of Chapter 5311 of the Ohio Revised Code[.]" R.C. 5311.14(A) provides that:
 "Unless provided otherwise in the declaration, damage to or destruction of all or any part of the common areas and facilities of a condominium property shall be promptly repaired and restored by the manager or board of managers. The cost of such repairs and restoration shall be paid from the proceeds of insurance, if any, payable because of such damage or destruction and the balance of such cost shall be a common expense."
(Emphasis added.)
The Declaration further provides that common areas and facilities "consist of the Land; all foundations, slabs, structural elements and exterior surfaces of all buildings[.]"
In addressing the effect of damage to condominium property, the Declaration states that:
"(A) Responsibility for Reconstruction or Repair:
* * *
 If any portion of the Common Areas and Facilities shall be damaged by perils covered by the Casualty Insurance, the Association shall cause such damaged portion to be promptly reconstructed or repaired to the extent of the funds made available to the Board of Managers, as hereinafter provided[.]
* * *
 [P]rovided however, if such damage renders one-half or more of the Units * * * untenable, the Unit Owners may, by the vote of those entitled * * *, elect not to reconstruct or repair such damaged part[.] * * *
"* * *
"(B) Procedure for Reconstruction or Repair:
 "(1) Immediately after a casualty causing damage to any portion of the Common Areas and Facilities the Board of Managers of the Association shall obtain reliable and detailed estimates of the cost to place the damaged property in a condition as good as the condition of the property before the casualty. * * *
 "(2) If the proceeds of the Casualty Insurance are not sufficient to defray the estimated costs of reconstruction and repair by the Association * * * one or more special assessments shall be made against all Unit owners in sufficient amounts to provide funds for the payment of such costs[.]
"* * *
 "(C) Minor Repairs[:] Notwithstanding the foregoing provisions of this Section, if the aggregate amount of the estimated costs of repairing any damage to the Common Areas and Facilities is less than Ten Thousand Dollars ($10,000.00), the damage shall be repaired. Such insurance proceeds as are received on account of such damage shall be used by the Board of Managers to defray the cost[.]"
In the case at bar, the trial court held that Framingham Lane must repair the Malaskis' aluminum siding in such time and manner as Framingham Lane should direct. The Malaskis assert that this holding was error, as the proper requirement pursuant to R.C. 5311.14 and the condominium Declaration would be for Framingham Lane to make prompt repairs.
Upon reviewing the condominium Declaration, it is clear that the original grantor submitted Framingham Lane to the provisions of R.C. Chapter 5311. Pursuant to R.C. 5311.14, damage to any part of the common area "shall be promptly repaired and restored[.]" Accordingly, as the language clearly does not permit repair to be made at any time or manner that Framingham Lane should choose to direct but rather requires prompt repair, the Malaskis' assignment of error is sustained.
 III. Framingham Lane's Assignment of Error "The Trial Court erred in concluding that the Defendant's Declaration requires it to make repairs to the common area aluminum siding affixed to Plaintiff's [sic.] condominium unit where such repairs are alleged to amount to less than $10,000.00."
In Framingham Lane's assignment of error, it asserts that the trial court erred in holding that Framingham Lane is required to make repairs to the Malaskis' aluminum siding. Specifically, Framingham Lane asserts that the Malaskis did not produce evidence at trial that: 1) Framingham Lane's insurance covered the Malaskis' damage; 2) the Malaskis' siding was in fact damaged as contemplated in the condominium Declaration; and 3) the damage to the common area aluminum siding was less than $10,000. Furthermore, Framingham Lane asserts that, pursuant to Framingham Lane's business judgment, it could have reasonably decided not to repair the Malaskis' unit. We disagree with these assertions.
When a party objects to a magistrate's factual finding, the party must supply the trial court with a transcript of the hearing or an affidavit as to the evidence presented at the magistrate's hearing. Civ.R. 53(E)(3)(b). Because Framingham Lane did not do so, the trial court was required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law. See State ex rel. Duncan v. ChippewaTwp. Trustees (1995), 73 Ohio St.3d 728, 730. Likewise, this court is limited to that same review. Melendez v. Mankis (Dec. 15, 1999), 9th Dist. No. 98CA007091. In the present case, a transcript of the magistrate's hearing was transcribed and included in the record on appeal. However, the transcript of proceedings was transcribed after the trial court's decision being appealed and, consequently, was not before the trial court. Accordingly, in this appeal, we are required to accept the findings of fact and review only conclusions of law. See Melendez, supra.
Framingham Lane asserts that the Malaskis failed to produce any evidence that Framingham Lane's insurance covered the Malaskis' damage, referring to the evidence presented at the magistrate's hearing and arguing that such evidence did not prove that the damage was covered by their insurance. Framingham Lane also contends that the Malaskis did not produce any evidence that the aluminum siding was in fact damaged as contemplated in the condominium Declaration. Again, Framingham Lane refers to evidence not in the record, including evidence presented at the magistrate's hearing. As such determinations are factual in nature, and not conclusions of law, we are required to accept the findings of fact below and cannot review Framingham Lane's assigned error.
Framingham Lane further asserts that the evidence submitted at trial does not establish that the damage to the aluminum siding was less than $10,000. In support of this assertion, Framingham Lane argues that, had the trial court properly found that the amount of property damage must be considered in terms of all damaged units in the condominium development, rather than just to the Malaskis' unit, the court would have determined that the damage constituted more than $10,000 in damage and consequently would have determined that repair was not mandatory. Framingham Lane avers that the damage to the entire common area is the proper consideration in determining the amount of damage because the Malaskis' interest in the exterior of their unit is not only an interest in their unit but rather is a shared interest in the entire common area. In support of their assertion that, if considered in terms of the entire common area, the damage would exceed $10,000, Framingham Lane points to the contractor's affidavits attached to their supplemental brief.
Again, this argument is essentially a factual question that challenges whether the evidence introduced at trial establishes that the amount of damage is less than $10,000. While attached to Framingham Lane's supplemental brief is the sworn affidavit testimony of two contractors who estimated the cost of repairing the aluminum siding, the Malaskis asserted in their supplemental brief that the evidence introduced at the hearing established that damages amounted to less than $10,000. As Framingham Lane did not provide the trial court with a transcript of the hearing, we must accept the findings of fact below.
Finally, with regard to Framingham Lane's assertion that, pursuant to Framingham Lane's business judgment, if that criteria is a factor to be weighed, it could have reasonably concluded to not repair the Malaskis' unit, we disagree. Sound business judgment does not excuse noncompliance with the terms of the condominium Declaration, which clearly states that damage to the common areas must be repaired. Framingham Lane's assignment of error is overruled.
 IV.
The Malaskis' assignment of error is sustained. Framingham Lane's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this decision.
SLABY, P.J., BAIRD, J. CONCUR.