OPINION
Defendant-appellant David W. Gordon appeals from the September 5, 2001, Journal Entry of the Knox County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
On August 11, 2000, Appellee Corinne Gordon filed a complaint for divorce against appellant David W. Gordon. Appellant, on October 18, 2000, filed an answer with leave of court.
Subsequently, a final hearing before a Magistrate commenced on June 27, 2001. On July 18, 2001, the Magistrate issued a proposed decision which contained findings of fact and conclusions of law. Thereafter, both parties filed objections to the Magistrate's proposed order. As memorialized in a Journal Entry filed on September 5, 2001, the trial court overruled the objections, stating, in part, as follows:
 The court finds the Objections were timely filed. No transcript of the proceedings was filed with the court, although Defendant states in his objections that the transcript was ordered. The court reporter did not receive an order for the transcript. She was contacted to determine the cost of the transcript.
 The findings of the Magistrate are sufficient to allow an independent analysis of law.
 The Court having considered the objections, the case file and the applicable law finds as follows:
 Defendant's objections labeled 1 through 7 are, as stated by the Defendant, objections to findings of fact. Without a transcript of the proceedings the court is unable to address these objections. The objections to finds of fact are therefore overruled.
 The court finds Defendants objections to the orders of the court numbered 1 though 9 not well taken and they are therefore overruled.
 The court finds the objections of the Plaintiff are not well taken and are therefore overruled.
It is from the trial court's September 5, 2001, Journal Entry that appellant now prosecutes his appeal, raising the following assignment of error:
 THE TRIAL COURT'S DECISION IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL HEREIN.
This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11. 1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
Appellant, in his sole assignment of error, argues that the trial court's decision is against the manifest weight of the evidence. Appellant specifically contends that `the trial court misheard or misrepresented a number of key pieces of evidence and testimony that caused it to make erroneous findings."
Appellant, in the case sub judice, failed to file a transcript of the final hearing before the Magistrate for the trial court to review when ruling on the objections.[1] Civ.R. 53 (E)(3)(b) states as follows:
 b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
(Emphasis added). When a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. State ex rel. Duncan v.Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728.
This Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal. See State v.Leite (April 11, 2000), Tuscarawas App. No. 1999AP090054, unreported;Fogress v. McKee (Aug. 11, 1999), Licking App. No. 99CA15, unreported;Strunk v. Strunk (Nov. 27, 1996), Muskingum App. No. CT96-0015, unreported; and Doane v. Doane (May 2, 2001), Guernsey App. No. 00CA21 unreported.
Accordingly, since we cannot consider the transcript, appellant's argument that the trial court's decision is against the manifest weight of the evidence is moot. See Harvey v. Harvey (Dec. 28, 2000), Muskingum App. No. CT99-0023, unreported.
The judgment of the Knox County Court of Common Pleas is, therefore, affirmed.
By EDWARDS, J. HOFFMAN, P.J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs to appellant.
[1] The transcript was not filed until November 13, 2001, which was after the trial court issued its September 5, 2001, Journal Entry.