OPINION
{¶ 1} Defendants-appellants Walter Matyaszek, et al. appeal the November 27, 2002 Judgment Entry of the Canton Municipal Court, which approved and adopted the magistrate's November 14, 2002 Report, and overruled appellants' objections thereto. Plaintiff-appellee is Kenneth D. Channell.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 2, 2002, appellee filed a Small Claims Complaint in the Canton Municipal Court, alleging appellants, from whom he had purchased a 1997 Ford Escort, had failed to advise him the vehicle had a "rebuilt salvage" title.
 {¶ 3} The trial court scheduled the matter for hearing before the magistrate on November 7, 2002. The magistrate filed his report on November 22, 2002, finding for appellee in the amount of $3,600 plus court costs. The magistrate specifically found appellants had sold the vehicle to appellee without disclosing the fact the vehicle was a rebuilt salvage. The magistrate ordered appellee to return the car and endorsed title to appellants upon appellee's receipt of $3,600. Appellants filed a timely objection to the magistrate's decision. Appellants did not request a copy of the transcript of the proceedings. Via Judgment Entry filed November 27, 2002, the trial court approved and adopted the magistrate's November 14, 2002 Report and confirmed said report as the order of the court. In the same judgment entry, the trial court overruled appellants' objection to the magistrate's report.
 {¶ 4} It is from this judgment entry appellants appeal, raising as their sole assignment of error:
 {¶ 5} "I. The trial court erred in its finding that the plaintiff-appellee was unaware of the fact that the vehicle sold to appellee by appellant was "rebuilt salvage."
 I. {¶ 6} Herein, appellants maintain the trial court erred in finding appellee was unaware the vehicle appellants sold him was a "rebuilt salvage." Essentially, appellants raise a manifest weight of the evidence claim.
 {¶ 7} As noted supra, appellants failed to file a transcript of the magistrate's hearing for the trial court to review when ruling on the objections to the magistrate's report. Civ.R. 53 states, in pertinent part: AObjections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
 {¶ 8} AWhen a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. State ex rel. Duncan v.Chippewa Twp. Trustees, 73 Ohio St.3d 728, 1995-Ohio-272. This Court has held, where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal. See Doane v. Doane (May 2, 2001), Guernsey App. No. 00CA21 unreported; State v. Leite (April 11, 2000), Tuscarawas App. No. 1999AP090054, unreported; Fogress v. McKee (Aug. 11, 1999), Licking App. No. 99CA15, unreported; and Strunk v. Strunk (Nov. 27, 1996), Muskingum App. No. CT96-0015, unreported.
 {¶ 9} Consequently, this Court is unable to review the transcript filed in the appellate proceedings and appellants' argument may not be raised on appeal pursuant to Civ.R. 53.
 {¶ 10} Appellants' sole assignment of error is overruled.
 {¶ 11} The judgment of the Canton Municipal Court is affirmed.
By: Hoffman, P.J., Wise, J. and Edwards, J. concur.