[Cite as *Evans v. Davis*, 2026-Ohio-1050.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| LACRECIA EVANS, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 115433 |
| BARBARA ANN DAVIS, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 26, 2026

Civil Appeal from the Euclid Municipal Court
Case No. 25CVI01718

### *Appearances:*

Lacrecia Evans, *pro se.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Plaintiff-appellant Lacrecia Evans appeals the trial court's judgment affirming and adopting the magistrate's decision that entered judgment in favor of defendant-appellee Barbara Ann Davis on Evans's small-claims complaint concerning the replacement of a fence along the parties' property line. Finding no merit to the appeal, we affirm the trial court's judgment.

{¶ 2} In May 2025, Evans, pro se, filed a small-claims complaint against Davis, seeking monetary damages. The complaint consisted of a single sentence, alleging that Davis replaced a portion of Evans's fencing without her knowledge and consent. The matter was referred to a magistrate who conducted a trial and received testimony and evidence from both Evans and Davis. The admitted trial exhibits were submitted to this court in the certified record.

{¶ 3} Following trial, the magistrate issued a decision, recommending judgment in favor of Davis. The magistrate determined that based on the testimony, Evans's complaint asserted claims for trespass and interference of property rights. The magistrate concluded, however, that based on the evidence and testimony, Evans failed to withstand her burden of proving these claims. Rather, the magistrate found that the fencing that Davis removed was located on her own property; she did not disturb any fencing located on Evans's property.

{¶ 4} Evans timely filed an objection to the magistrate's decision, disagreeing with the magistrate's factual finding that Davis did not remove any of Evans's fencing. Evans attached additional documents to her objections that were not admitted into evidence before the magistrate.

{¶ 5} On July 28, 2025, the trial court issued a judgment entry overruling Evans's objection and adopting the magistrate's decision. The court noted that Evans's objections contested the magistrate's factual findings but found that Evans failed to file a transcript or affidavit of evidence in compliance with Civ.R. 53(D)(3)(b)(iii), which would allow her to properly challenge the

magistrate's findings. Additionally, the court noted that the documents attached to her objections were not presented at trial, and thus not proper for consideration. After the court conducted its independent review of the record, it concluded that the magistrate properly determined the factual and legal issues. Accordingly, the trial court adopted the magistrate's decision and entered judgment in favor of Davis.

{¶ 6} Evans now appeals, raising the following three assignments of error:

1. The trial court erred in failing to recognize the unlawful removal of the entire fence and boundary fencing constituting a violation of property rights and invasion of privacy.

2. The trial court erred in denying damages for the cost of reinstalling the fence and cleanup despite clear evidence of property interference.

3. The trial court failed to consider the repeated acts of harassment, intimidation, and emotional distress caused by the appellee.

{¶ 7} Evans contends that the trial court's decision is contrary to law because R.C. 5301.01 and 2307.60 provide actionable relief for trespass, property damage, invasion of privacy, and harassment.[1] Accordingly, she maintains that Davis's conduct created a pattern of intimidation and emotional distress, and thus the trial court should have awarded her damages for Davis's removal of the fence.

{¶ 8} Civ.R. 53 governs proceedings before a magistrate and the trial court's duties in accepting or rejecting a magistrate's rulings. When a party files

---

[1] R.C. 5301.01 governs the signatures and acknowledgements required for deeds, mortgages, land contracts, leases, or memoranda of trust. R.C. 2307.60 governs civil actions for damages for criminal acts, including tort actions.

objections with the trial judge on a magistrate's decision, those objections are to be specific and state with particularity the grounds of objection. Civ.R. 53(D)(3)(b)(ii). Pursuant to Civ.R. 53(D)(3)(b)(iv), except for a claim of plain error, a party that fails to object to the magistrate's decision may not assign as error on appeal the trial court's adoption of any of the magistrate's factual findings or legal conclusions.

{¶ 9} In this case, Evans's only objection to the magistrate's decision was that Davis "removed [three-quarters] of her fence around her property without permission." Evans did not raise any challenge to the magistrate's decision regarding the applicability of R.C. 5301.01 or 2307.60, nor has she alleged plain error on appeal. Accordingly, Evans failed to comply with Civ.R. 53 by not objecting with specificity and by advancing arguments not raised below.

{¶ 10} Additionally, our review of the trial court's decision is limited because Evans did not file a transcript of the magistrate's hearing or an affidavit regarding the evidence upon which she based her objections. When a matter is tried to a court magistrate, Civ.R. 53 requires that "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). In the absence of a transcript or a properly filed affidavit of the evidence in support of a party's objections, a trial court is "required to accept the magistrate's findings of fact and

examine only the legal conclusions based on those facts." *Galewood v. Terry Lumber & Supply Co.*, 2002-Ohio-947, ¶ 10 (9th Dist.), citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 1995-Ohio-272, ¶ 10. Appellate court review in such instances is likewise limited to whether the trial court's application of the law to the factual findings was an abuse of discretion. *Zukerman, Daiker & Lear Co., L.P.A. v. Signer*, 2009-Ohio-968, ¶ 22 (8th Dist.), citing *Duncan* at *id.*

{¶ 11} Evans's assignments of error either challenge factual findings, i.e., whether Davis removed fencing located on Evans's property, or advance issues not objected to or raised in the trial court, i.e., whether Davis's conduct amounted to actionable conduct under Ohio law. On this record, we lack any ability to review Evans's assignments of error because she did not provide a transcript or affidavit of the evidence, and thus we are required to accept the court's factual findings. Moreover, Evans raises arguments not raised below; thus under Civ.R. 53, the newly raised arguments are disregarded. Evans's assignments of error are overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellant pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Euclid Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MICHELLE J. SHEEHAN, A.J., and
MARY J. BOYLE, J., CONCUR