DECISION
This is an appeal by third-party defendant-appellant, Tobias H. Elsass ("Elsass"), from a judgment of the Franklin County Court of Common Pleas in which the court overruled Elsass' objections to a magistrate's decision and adopted the magistrate's decision as its own.
On February 18, 1997, plaintiff-appellee, Susan E. Beechler, filed a complaint for legal malpractice against defendants, Laura M. Peterman Law Offices and Laura M. Peterman (individually "Peterman"). The complaint alleged that on October 27, 1995, plaintiff filed an action in the Fayette County Court of Common Pleas for monetary damages against Richard Beechler, and that plaintiff engaged the services of defendants to represent her in the matter. It was further alleged that on July 3, 1996, the trial court rendered a decision and judgment entry granting Richard Beechler's motion for summary judgment. Plaintiff alleged that defendants failed to advise plaintiff within a timely manner of her appeal rights and the fact that a decision had been rendered by the court. Plaintiff sought both compensatory and punitive damages against defendants.
On March 11, 1997, defendants filed an answer and third-party complaint against Elsass. In the third-party complaint, defendants alleged that Elsass represented plaintiff in the claim against Peterman for alleged legal malpractice, and that Elsass had entered into an agreement with Peterman on behalf of his client to settle the claim. Defendants alleged that documents were sent by Peterman to Elsass to settle the claim on the terms proposed and negotiated by Peterman along with a tendered settlement check, and that Elsass deposited the settlement check, which was signed by his client and contained an invalid endorsement by Elsass, into one of his office accounts. The complaint further alleged that Elsass failed to have the settlement and release documents executed, that at no time prior to the filing of the present action did Elsass inform Peterman of his actions, and that Elsass thereafter filed a legal malpractice action against Peterman. Defendants sought dismissal of plaintiff's complaint and an award of attorney fees and costs.
On September 4, 1997, Peterman filed a motion for summary judgment against plaintiff. Plaintiff subsequently filed a memorandum contra the motion for summary judgment. On October 24, 1997, the trial court rendered a decision granting Peterman's motion for summary judgment.
Following the trial court's granting of summary judgment, Peterman's remaining third-party complaint against Elsass was referred to a magistrate, who issued a decision on January 26, 1999. In the decision, the magistrate found that Elsass had no probable cause to file a legal malpractice claim against Peterman, but further found that all the elements of malicious prosecution had not been met. Thus, the magistrate found in favor of Elsass and dismissed the case.
Peterman filed objections to the magistrate's decision, which the trial court overruled by decision and entry filed March 12, 1999. Peterman filed an appeal from the trial court's March 12, 1999 decision and entry, and this court subsequently issued an opinion affirming the judgment of the trial court.
On April 5, 1999, Peterman filed a motion for sanctions against Elsass pursuant to Civ.R. 11 and R.C. 2323.51. On May 10, 2000, Elsass filed a motion to dismiss Peterman's motion for sanctions. Elsass subsequently filed a "renewed motion to dismiss," asserting that Peterman's motion should be dismissed based upon her failure to appear at a scheduled hearing on May 18, 2000. The trial court set a hearing date for July 18, 2000 to consider the motion to dismiss. By entry filed July 9, 2000, the trial court denied Elsass' renewed motion to dismiss.
On December 18, 2000, Peterman's motion for sanctions under Civ.R. 11 and R.C. 2323.51 came for hearing before a magistrate. The magistrate filed a decision on January 18, 2001. In the decision, the magistrate found that there was clear and convincing evidence establishing that Elsass had no basis to file a claim for legal malpractice against Peterman "since he and his client had accepted a settlement and received payment as to such settlement." The magistrate further found that "there is no legal or equitable basis to place an endorsement upon a check of `deposit on damages * * *', which was intended to represent full settlement of a claim, and then to further maintain an action of malpractice on the claim." The magistrate concluded that the evidence warranted a sanction against Elsass in the amount of $3,000.
Elsass filed objections to the magistrate's decision. By decision and entry filed March 13, 2001, the trial court overruled the objections and adopted the decision of the magistrate, awarding sanctions in favor of Peterman in the amount of $3,000.
On appeal, Elsass sets forth the following three assignments of error for review:
 I. THE COURT ERRED IN NOT GRANTING DEFENDANT ELSASS' MOTION TO DISMISS THIS CASE AT THE HEARING BEFORE JUDGE PFEIFFER HELD JULY 18, 2000.
 II. THE COURT ERR[ED] IN GRANTING A JUDGMENT FOR SANCTIONS AGAINST APPELLANT AND IN FAVOR OF DEFENDANT PETERMAN.
 III. THE COURT ERRED IN FAILING TO IMPOSE SANCTIONS AS EITHER RULE 11 OR R.C. 2323.51[.]
Under his first assignment of error, Elsass asserts that the trial court erred in failing to grant his motion to dismiss the case at the July 18, 2000 hearing before the trial court. Elsass argues that Peterman and her counsel, Stanley Myers, initiated numerous continuances, and that neither of them appeared at a scheduled hearing on May 18, 2000. Elsass argues that evidence presented at the July 18, 2000 hearing indicates that Peterman failed to appear despite having knowledge of the May 18, 2000 hearing.
In general, "[r]ulings on motions for continuances and motions to dismiss for failure to prosecute are matters which are committed to the sound discretion of the trial court." Strelau v. Stepnowski (July 2, 1981), Cuyahoga App. No. 43269, unreported. Further, an appellate court will not reverse a trial court's decision on such matters unless there has been an abuse of discretion. Id.
The record indicates that, at the July 18, 2000 hearing, Peterman testified that her attorney, Myers, contacted her prior to the May 18, 2000 hearing and informed her that he would reschedule that hearing by contacting the magistrate. Myers also testified at the hearing, and stated that on May 9, 2000, he was admitted to the hospital with a life- threatening condition. Although he could not recall the exact date of his discharge, Myers stated that an insurance record indicated a proposed discharge date of May 17, 2000. Myers testified that he received an IV treatment for eight days, and that, following his release from the hospital, he was confined to his bed at home for a period of time.
In the trial court's entry denying Elsass' motion to dismiss, the court stated in relevant part: "Upon hearing the testimony of Laura Peterman, Stanley Myers, and Tobias Elsass, the Court is satisfied that there were sufficient reasons for their non-appearance. Specifically, that Mr. Myers was hospitalized and had told his client he would take care of continuing the matter." Thus, the trial court concluded that counsel's illness constituted a reasonable excuse for his and Peterman's failure to appear at the scheduled hearing on May 18, 2000. Upon review of the record, including counsel's testimony regarding his illness and Peterman's testimony that her counsel told her that he would take care of rescheduling the May 18, 2000 hearing, we find no abuse of discretion by the trial court in denying Elsass' motion to dismiss.
Elsass' first assignment of error is without merit and is overruled.
Under his second assignment of error, Elsass asserts that the trial court erred in awarding sanctions in favor of Peterman. Elsass contends that Peterman failed to meet her burden of demonstrating damages directly resulting from the alleged frivolous conduct, and Elsass disputes the magistrate's findings that the amount awarded was solely for the alleged frivolous conduct.
In his appellate brief, Elsass cites to various pages of the transcript of the hearing before the magistrate in support of his argument that there was insufficient evidence to demonstrate the effort or fees incurred by Peterman's counsel. Elsass contends that Peterman's "testimony is void of any testimony regarding damages." We note, however, that Elsass failed to file a transcript of the hearing before the magistrate for the trial court to review at the time it ruled on appellant's objections to the magistrate's report. The court noted, at the time of its decision, that Elsass had failed to timely request preparation of the transcript or to submit the required deposit and that, "to date, no transcript has been prepared."
Civ.R. 53(E)(3)(b) states in part:
 * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
In State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730, the Ohio Supreme Court held:
 When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. * * * In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion. * * *
As previously noted under the facts, the magistrate's decision included findings that there was clear and convincing evidence that Elsass "had no justiciable basis to file the claim for legal malpractice against Ms. Peterman since he and his client had accepted a settlement and received payment as to such settlement." The magistrate further found that "there is no legal or equitable basis to place an endorsement upon a check of `deposit on damages * * *', which was intended to represent full settlement of a claim, and then to further maintain an action of malpractice on the claim." The magistrate also made findings that the number of hours (fifteen) spent by Peterman's counsel and the rate of $200 per hour "appear reasonable and are clearly related to the activities taken by Attorney Myers on behalf of Ms. Peterman." In considering Elsass' objections to the magistrate's decision, the trial court noted that, with the exception of Elsass' objection to the magistrate's refusal to dismiss Peterman's motion as being untimely, the remaining objections were based upon findings of fact. The trial court concluded that, "[w]ith no transcript in support of the alleged factual errors, the Court * * * has no basis to reject the Magistrate's findings."
As indicated, Elsass asserts on appeal that the evidence was insufficient to support an award for damages, but he relies upon evidence from the hearing transcript that was not provided to the trial court in ruling on the objections, thus raising arguments that would require this court to review the testimony. Because Elsass did not file with the trial court a transcript of the hearing proceedings with his objections to the magistrate's decision, we conclude that the trial court did not err in accepting and adopting the findings of the magistrate. Boggs v. Boggs (1997), 118 Ohio App.3d 293, 301. Further, without an adequate record, "a court of appeals must `presume regularity of the [trial] court's judgment based on the referee's report and recommendations.'" Friess v. Hague (Aug. 6, 1997), Lorain App. No. 96CA006518, unreported. Finding no abuse of discretion by the trial court in adopting the magistrate's decision, Elsass' second assignment of error is without merit and is overruled.
Under his third assignment of error, Elsass argues that the trial court erred in failing to indicate whether it imposed sanctions pursuant to Civ.R. 11 or pursuant to R.C. 2323.51. Elsass cites language from the magistrate's decision in which the magistrate stated that, "[w]hether viewed under the auspices of R.C. 2323.51 or Civ.R. 11, there has been evidence which has established Mr. Elsass' conduct." Elsass maintains that he was entitled to "notice" as to which rule he violated.
We find no merit to Elsass' contention. In its decision adopting the magistrate's decision, the trial court noted that Peterman's motion for sanctions was filed pursuant to both R.C. 2323.51 and Civ.R. 11, and that "Civ.R. 11 does not impose any time restrictions within which a motion must be filed." Further, the trial court held that, "it is not necessary to determine whether the Motion was timely filed pursuant to R.C. 2323.51
as sanctions could properly be and were awarded under Civ.R. 11." Thus, as noted by Peterman, the record indicates that the trial court found that sanctions were proper under Civ.R. 11. Accordingly, Elsass' third assignment of error is not well-taken and is overruled.
Based upon the foregoing, Elsass' first, second and third assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
BRYANT, P.J., and BOWMAN, J., concur.