OPINION
{¶ 1} Donald Hromulak ("appellant") appeals the decision of the Willoughby Municipal Court. In that decision, the trial court overruled appellant's objections to the magistrate's decision and found in favor of William Cheraso ("appellee"). For the following reasons, we affirm the decision of the Willoughby Municipal Court in this matter.
 {¶ 2} The following facts were established at the magistrate's hearing on January 23, 2002. On July 4, 2000, appellant was struck by some type of fireworks rocket while standing in his back yard. Appellant stated that the rocket came from the direction of appellee's yard. As a result of being struck by the rocket, appellant testified that he suffered temporary hearing loss and received burns on his arm and chest. Appellant subsequently brought suit against appellee for negligent discharge of the rocket.
 {¶ 3} Following the Jan. 23 magistrate's hearing, the magistrate issued a decision in favor of appellee. In issuing her decision, the magistrate determined appellant had failed to prove that the rocket originated from appellee's property and that appellee was the one responsible for discharging the rocket. The trial court adopted the magistrate's decision on February 20, 2002. Pursuant to Civ.R. 53(E)(4)(c), appellant filed his objections to the magistrate's decision on March 6, 2002. The record indicates that appellant's objections were based on factual grounds. It is also important to note that appellant failed to submit a transcript along with his objections. Subsequently, the trial court overruled appellant's objections on March 27, 2002. This timely appeal followed. Appellant raises the following assignments of error for our review:
 {¶ 4} "[1.] The trial court erred when it found for the defendant in that the weight of the evidence did not support such decision.
 {¶ 5} "[2.] The trial court erred in not allowing the use of the police report to impeach the testimony of the defendant.
 {¶ 6} "[3.] The trial court erred in not finding that the defendant's actions constituted negligence or negligence per se.
 {¶ 7} "[4.] The trial court erred in not finding that the defendant's actions constituted a nuisance per se.
 {¶ 8} "[5.] The trial court erred in overruling appellant's objections to the magistrate's decision."
 {¶ 9} Since appellant's assignments of error are interrelated, we proceed to address them collectively.
 {¶ 10} Throughout all five assignments of error, appellant contests the magistrate's findings of fact, alleges that the findings of fact and conclusions of law are against the manifest weight of the evidence, and asserts that the trial court erred in adopting the magistrate's decision. However, as noted in the judgment entry of the trial court, appellant did not submit a transcript or proper affidavit of evidence to the trial court along with his objections.
 {¶ 11} The record indicates that appellant raised his objections to the magistrate's decision pursuant to Civ.R. 53. Civ.R. 53(E)(3) provides in relevant part: "(3)(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. ***. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 12} Based on the above, this court has held repeatedly that "a party cannot challenge the factual findings contained within a magistrate's decision on appeal unless such party submits the required transcript or affidavit to the trial court." Williams v. Williams (Sept. 29, 2000), 11th Dist. No. 99-A-0008, 2000 Ohio App. LEXIS 4554; Jones v.Simondis (Mar. 27, 1998), 11th Dist. No. 97-T-0073, 1998 Ohio App. LEXIS 1210. "When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the report." State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728, 730; In re Rhoads (Feb. 4, 1994), 11th Dist. No. 93-G-1763, 1994 Ohio App. LEXIS 363. In other words, the "court can only determine if the report sets forth sufficient facts to support the referee's ultimate findings and conclusions of law. Rhoads, supra, at *7. Further, no affidavit is acceptable unless it has been shown that a transcript is unavailable. Civ.R. 53(E)(3)(b); Yates v. Mason Masters,Inc., 11th Dist. No. 2002-L-001, 2002-Ohio-6697, 2002 Ohio App. LEXIS 6476.
 {¶ 13} Based on the above, appellant's failure to provide the trial court with a transcript or affidavit of evidence prevents him from disputing any of the magistrate's factual findings in this case, as well as any "weight of the evidence" issues. However, while the trial court can ignore appellant's objections to the magistrate's decision in the absence of a transcript, this court must still engage in a rule of law analysis.
 {¶ 14} In her decision, the magistrate correctly noted that appellant's complaint sounded in negligence. No mention is made in the magistrate's report of either negligence per se or nuisance per se claims being raised by appellant. The magistrate's report indicated there was no testimony showing that appellee was responsible for discharging the wayward rocket on the day of the incident. Furthermore, the report indicates several witnesses testified that they did not see appellee discharge any fireworks on the day in question. The magistrate also found as fact that fireworks were being discharged "throughout the neighborhood on July 4, 2000." Based on the above, the magistrate determined that appellee did not breach a duty owed to appellant, nor were appellee's actions the proximate cause of appellant's injuries. Additionally, we note that the magistrate indicated in her findings of fact that appellant failed to offer the police report in this case as evidence.
 {¶ 15} Therefore, after reviewing the report, it is our opinion that the magistrate's findings of fact and conclusions of law are justified based on the facts and partial testimony cited by the magistrate in her decision. Accordingly, the trial court's adoption of the magistrate's factual findings and conclusions of law was appropriate.
 {¶ 16} We also note that the affidavit attached to appellant's objections was not an affidavit of evidence, but a proffer of what would have been appellant's contrary testimony. Further, there was no showing of unavailability with regards to a transcript. As a result, the requirements of Civ.R. 53(E)(3)(b) and Civ.R. 53(E)(4)(b) have not been met. See Williams, supra, at *13.
 {¶ 17} For the foregoing reasons, we hold that the trial court did not abuse its discretion in adopting the magistrate's report finding in favor of appellee. Appellant's first, second, third, fourth, and fifth assignments of error are without merit. The decision of the Willoughby Municipal Court is hereby affirmed.
DONALD R. FORD, P.J., and JUDITH A. CHRISTLEY, J., concur.