OPINION
{¶ 1} This is an appeal from the judgment of the Crawford County Court of Common Pleas which adopted a Special Master Commissioner's report as its own dissolving Smile, Inc. and distributed the assets between Appellant, Ron J. Palenshus ("RJP") and Appellee, Don J. Palenshus ("DJP").
 {¶ 2} RJP and DJP are dentists and brothers. In 1992, RJP and DJP combined their independent practices in Bucyrus and Crestline, respectively, to form a partnership, Smile Dental Care. Smile Dental Care bought a third practice in Galion. In 1996, RJP and DJP combined the Bucyrus, Crestline and Galion practices to form Smile, Inc. At that time, RJP and DJP each held 50 percent of the shares of Smile, Inc and maintained their separate offices. In 1997 another dentist, Dr. Jefferey Becker ("Becker") became a third shareholder. He operated offices in Sandusky, Fremont and Norwalk.
 {¶ 3} In 1999, the relationship between RJP, DJP and Becker began to deteriorate. In 2000, Becker began operating his offices as a separate business from Smile, Inc. Consequently, Smile, Inc. filed suit against Becker who filed claims against RJP and DJP who then filed this dissolution action. In 2001, Becker resigned from Smile, Inc. and was dismissed as a defendant in January 2002. After Becker resigned, RJP and DJP entered into a management agreement wherein each party would run their own office but share responsibility for corporate expenses. In that agreement, RJP and DJP also decided to close the Galion office.
 {¶ 4} In October of 2001, RJP and DJP went to mediation and agreed to settle a portion of their remaining disputes by distributing certain assets of the various offices. On June 11, 2002, the trial court judicially dissolved Smile, Inc. and appointed a special master "to receive, investigate, and hear evidence on all claims between the shareholders and Smile, and file a report of his or her findings." A hearing was held before the special master on September 5 and 6, 2002 and he filed his report on September 20, 2002. The report stated that upon dissolution, Smile was $15,626.70 in debt, RJP owed Smile $2,320.81, and DJP was owed $16,960.63 from Smile. On October 1, 2002, the trial requested that RJP and DJP submit any objections to the special master's report. Appellant filed a transcript of the second day of testimony and an affidavit asserting the relevant facts derived from the first day of the hearing which was not transcribed, however, no exhibits that were relied upon by the parties on either day were ever filed with the trial court. On November 22, 2002, the trial court adopted the special master's report in its entirety.
 {¶ 5} RJP now appeals, asserting nine assignments of error. Assignments of error one, three, five, six, seven, eight and nine will be discussed together.
 First Assignment of Error
The trial court, contrary to law, applied an improper standard of review of the special master's report.
 Third Assignment of Error
The trial court's award of vacation pay to RJP and DJP is against the manifest weight of the evidence.
 Fifth Assignment of Error
The trial court's award of damages related to revenues generated by Mr. Duncan in the sum of $4,240.08, is against the manifest weight of the evidence and is contrary to law.
 Sixth Assigment of Error
The trial court's award of damages against RJP, relating to a payment made to Patterson Dental in the sum of $841.43 and Travey McKever in the sum of $95.00 is against the manifest weight of the evidence.
 Seventh Assignment of Error
The trial court's award of damages to DJP for orthodontic fees in the sum of $8,358.34 is against the manifest weight of the evidence, and is contrary to law.
 Eighth Assignment of Error
The trial court's failure to award damages to RJP for the excess distribution of good will received by DJP is against the manifest weight of the evidence.
 Ninth Assignment of Error
The trial court's award of damages to DJP and failure to award damages to RJP, relating to the distribution of good will from smile, is against the manifest weight of the evidence.
 {¶ 6} As there is no specific rule that governs the review of special master commissioner report prepared pursuant to R.C. 1701.89, RJP argues that the trial court should perform a de novo review of the evidence in accordance with the standard used to review magistrate reports under Civ.R. 53. Civ.R. 53 provides that a trial court may appoint an attorney as a magistrate to consider cases delegated by the trial court. While the review of reports written by statutorily appointed special master commissioners is not specifically authorized by Civ.R. 53, the 1970 staff note to Civ.R. 53 contemplates that Civ.R. 53 governs the treatment of an attorney appointed as a special master commissioner pursuant to R.C. 2315.38 through 2315.43. While R.C. 2315.38 through 2351.43 have since been repealed, later versions of Civ.R. 53 find the 1970 staff note unaffected by later amendments.[1]
 {¶ 7} In this case, the trial court utilized a non-attorney special master commissioner appointed pursuant to R.C. 1701.89 to wind up the corporate business, and therefore, Civ.R. 53 does not explicitly apply. However, we find that the procedures prescribed by Civ.R. 53 are relevant to the present case. Generally, a trial court is required to perform a de novo review of a report written by a magistrate as a magistrate is a "subordinate officer of the trial court, not an independent officer performing a separate function." Pauley v. Pauley
(Mar. 8, 2002), Clark App. No. 2001-CA-49 at *2, 2002-Ohio-1210. As a trial court is required to review the evidence supporting a magistrate's report which is prepared by a licensed attorney, we believe it is not unreasonable to require a trial court to also perform a de novo review of a report which is prepared by a special master commissioner who is a certified public accountant with no legal training. Moreover, as there is no other specific statutory guidance provided for a trial court's review of a special master's report, we find that a trial court should follow the procedures in Civ.R. 53. Cf. Seminator v. Climaco, Climaco, Climaco,Seminatore, Lefkowitz Garofoli, 148 Ohio App.3d 613, 626,2002-Ohio-3892, J. Karpinski, dissenting (finding that Civ.R. 53 is not applicable but that trial court is required to hear objections and must evaluate the evidence independently).
 {¶ 8} Civ.R. 53(E)(3)(b) provides that the parties may object to a magistrate's decision, however, "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Upon the filing of objections, the court may "adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ.R. 53(E)(4)(b). Accordingly, Civ.R. 53(E)(4)(b) contemplates a de novo review of any issue of fact or law that a magistrate has determined when a proper objection is timely filed.Neville v. Neville (June 4, 2002), Holmes App. No. 01CA028,2002-Ohio-2901; Pauley, supra; Knauer v. Keener (2001),143 Ohio App.3d 789, 793.
 {¶ 9} However, if a complete transcript is not provided and the objecting party asserts errors of law alone, the trial court then has a duty to review the magistrate's decision accepting the magistrate's facts as true and applying the magistrate's law to those facts. Frankart v.Frankart (Mar. 28, 2002), Seneca App. No. 13-01-31. Furthermore,
When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record.
State ex. rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730.
 {¶ 10} In this case, while RJP objected to the special master commissioner's report arguing that Civ.R. 53 governs, he did not provide the trial court with the accompanying exhibits which were relied upon at the hearing as required by Civ.R. 53(E)(3)(b). Consequently, the trial court was permitted to rely on the findings of fact as were determined by the special master commissioner. Furthermore, as stated above, this court will also presume regularity in the findings of fact since we are unable to review the exhibits which were admitted and relied upon by RJP. See, also, Credit Acceptance Corp. v. France, (Jan. 16, 1997), Cuyahoga App. No. 70960. Consequently, we cannot find that the trial court abused its discretion in adopting the findings of fact as determined by the special master commissioner and therefore overrule RJP's first, third, fifth, sixth, seventh, eighth and ninth assignment's of error.
 Fourth Assignment of Error
The trial court's award of damages to person's who are not parties to the action is error as a matter of law.
 {¶ 11} R.C. 1701.89 provides that, in winding up the affairs of a corporation, the trial court may order the "allowance and payment of compensation * * * to any person properly rendering services beneficial to the corporation." As the special master commissioner's report determined that two non-parties, George McElligott and Carol Palenshus performed prior services for the corporation and were never paid, the trial court was authorized to order the payment of these debts. Consequently, RJP's fourth assignment of error is overruled.
 Second Assignment of Error
The trial court committed reversible error by miscalculating damages, based on its own findings.
 {¶ 12} In this assignment of error, RJP argues that even if the findings of the special master commissioner are determined to be correct, the amount awarded by the trial court from RJP to DJP is not supported by the special master commissioner's findings. We agree.
 {¶ 13} In this case, the special master commissioner's report listed several claims asserted by both DJP and RJP and a chart which summarizes the debts owed to Smile by RJP and DJP and the debts owed by Smile to RJP and DJP. The chart read as follows:[2]
 SMILE RJP DJP
 Smile owes RJP (3,250.00) 3,250.00 Smile owes DJP (6,500.00) 6,500.00 Smile owes DJP (4,240.08) 4,240.08 Smile owes DJP (8,358.34) 8,358.34 Smile owes DJP (4,338.00) 4,338.00 Smile owes G.M. (258.75) Smile owes C.P. (728.13)
 DJP owes Smile 2,861.30 (2,861.30) DJP owes Smile 3,614.49 (3,614.49)
 RJP owes Smile 1,232.81 (1,232.81) RJP owes Smile 4,338.00 (4,338.00)
 (15,626.70) (2,320.81) 16,960.63
 {¶ 14} Summarizing the above table, after the distribution of all other assets and payments of all other liabilities, Smile still has a balance due it from RJP, and Smile owes third party creditors, G.M. and C.P., in addition to the balance due and owing to DJP from Smile. In order to wind up the partnership, these balances need to be liquidated.
Smile RJP DJP
RJP pays Smile $2,320.81 $(2,320.81) Smile pays G.M. (258.75) Smile pays C.P. (728.13)
Smile cash balance $1,333.93 Smile pays DJP (16,960.63) $16,960.63 Deficit to be contributed by partners equally $15,626.70 (7,813.35) (7,813.35)
Balances $0.00 $(10,134.16) $9,147.28
{¶ 15} This liquidation could be satisfied by RJP paying Smile $986.88 and RJP paying DJP $9,147.28.
 {¶ 16} However, in its entry, the trial court ordered RJP to pay DJP $16,960.63, the full amount owed by Smile to DJP. That order fails to recognize that, assuming all other distributions to the partners have been made equally, that any net deficit of Smile must, likewise be borne equally by the partners. Consequently, since the trial court's order is clearly incorrect, we must sustain RJP's second assignment of error as to the trial court's calculations of the special master commissioner's findings of fact.
 {¶ 17} Based on the foregoing, we affirm in part and reverse in part the judgment of the trial court and remand this matter to the trial court for further calculation and distribution of relative assets between the parties pursuant to the special master commissioner's findings of fact.
Judgment affirmed in part, reversed in part and cause remanded.
 WALTERS and CUPP, JJ., concur.
[1] We also note that staff notes to the repealed statutes indicate that each repealed statute has been "superceded by Civ.R. 53."
[2] While the special master commissioner organized the debts and accounts receivable of the parties in the order that the claims were made, for clarity, we organize the accounts by debtor.