OPINION
{¶ 1} Appellant, Judy Whaley ("mother"), appeals the dispositional order of the Trumbull County Court of Common Pleas, Division of Domestic Relations. Owing to appellant's failure to properly file objections to the magistrate's decision, we are unable to reach the specific merits of her appeal and therefore affirm.
 {¶ 2} On May 31, 2005, after a dispositional hearing, the magistrate filed his decision. With respect to his substantive conclusions, the magistrate found, by clear and convincing evidence, that one of appellant's children, Sara, was abused and the remaining four, Matthew, Curtis, Jason, and Stephen, were dependent. The magistrate further determined that the best interests of the children demanded that Matthew, Jason, and Stephen remain with mother while Sara and Curtis be placed in the custody of Donna Peyatt, the children's aunt. No objections were filed to the magistrate's decision. As such, on June 20, 2005, the trial court filed its order adopting the magistrate's decision.
 {¶ 3} Appellant now appeals the trial court's judgment entry adopting the magistrate's May 31, 2005 decision and asserts the following assignment of error:
 {¶ 4} "The trial court erred to the prejudice of appellant when it allowed hearsay statements, `testimonial' in nature, by the alleged victim during the testimony of the alleged `treating' physician."
 {¶ 5} Appellant argues the trial court erred to her prejudice by admitting hearsay testimony of the victim through the testimony of Dr. Dewer, the victim's treating physician. Although appellant's argument challenges the admissibility of certain facets of Dr. Dewer's testimony, appellant's argument implies the outcome of the dispositional hearing would have been different but for the alleged improper hearsay. Therefore, appellant's argument operates as a challenge to the magistrate's substantive conclusions, both factual and legal, and the trial court's subsequent adoption of the same.
 {¶ 6} Appellant failed to file objections to the magistrate's decision. Juv.R. 40(E)(3)(b) requires a party to file timely objections to a magistrate's decision as a necessary precondition for appealing the juvenile court's adoption of any finding of fact or conclusion of law in the magistrate's decision. In reClemens, 11th Dist. No. 2001-L-004, 2002-Ohio-3370, at ¶ 29; see, also, Batsch v. Tress, (Sept. 7, 2001), 11th Dist. No. 2000-P-0022, 2001 Ohio App. LEXIS 3990, 3. Moreover, "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to the fact or an affidavit of the evidence if a transcript is not available." Juv.R. 40(E)(3)(c).[1] However, even where no objections are filed, the juvenile court is still obligated to review the magistrate's decision and determine if there are any errors of law or other facial defects within the magistrate's decision. Juv.R. 40(E)(4)(a).
 {¶ 7} The juvenile court reviewed the magistrate's May 31, 2005 decision and did not find any errors or defects on the face of the decision. Moreover, after reviewing the decision, this court also concludes that there are no such errors or defects. Accordingly, we are precluded from addressing appellant's arguments regarding her hearsay objection. Appellant's assignment of error lacks merit.
 {¶ 8} Based upon the foregoing analysis, appellant's assignment of error is overruled. The judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is therefore affirmed.
Grendell, J., O'Toole, J., concur.
[1] Appellant's arguments only make sense when placed in the context of the hearing with the magistrate. Appellant supplied the appellate record with a transcript of the proceedings. However, appellant's failure to file objections to the magistrate's decision (and attendant failure to file a transcript with the lower court), prevented the trial court from independently reviewing the error appellant assigns on appeal. Under these circumstances, our analysis is limited to a review of the trial court's actions in light of the facts reflected in the magistrate's decision. State ex rel. Duncan v. Chippewa Twp.Trustees (1995), 73 Ohio St.3d 728, 730. Hence, even though the record contains a transcript of the proceedings before the magistrate, we are precluded from considering the transcript on appeal. Id.