[Cite as *In re Subpoena for Windland*, 190 Ohio App.3d 109, 2010-Ohio-4577.]

IN THE COURT OF APPEALS OF OHIO

FOURTH APPELLATE DISTRICT

WASHINGTON COUNTY


IN RE SUBPOENA FOR                    :

WINDLAND.                             :

                                          CASE NO. 10CA2

                                      :


                                      :       DECISION AND JUDGMENT ENTRY


_____


APPEARANCES:


COUNSEL FOR APPELLANT:     Charles C. Postlewaite


COUNSEL FOR APPELLEES:     John E. Triplett and Daniel P. Corcoran,

                           Theisen Brock, L.P.A.

_____

CIVIL APPEAL FROM COMMON PLEAS COURT

DATE JOURNALIZED: 9-20-10


        ABELE, Judge.

{¶ 1}   This is an appeal from a Washington County Common Pleas Court judgment that denied a motion to quash a subpoena filed by Geraldine Windland, respondent below and appellant herein.   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

The court erred to the prejudice of respondent-appellant by stating that the terms of the parties' comprehensive agreement of protection, and the agreed judgment entry/decree of divorce, and the memorandum of settlement agreement, mutual release of claims and covenants not to sue and the letter of memorandum, do not prevent petitioner-appellee from deposing respondent-appellant. (Emphasis sic.)

SECOND ASSIGNMENT OF ERROR:

The court erred to the prejudice of respondent-appellant Geraldine Windland by ruling that enforcing the parties' comprehensive agreement of protection, and the agreed judgment entry/decree of divorce, and the memorandum of settlement agreement, mutual release of claims and covenants not to sue and the letter of memorandum was against public policy.   (Emphasis sic.)

{¶ 2}   Appellant and Greg Windland, petitioner below and appellee herein, married in 1992.  On July 6, 2005, the Washington County Court of Common Pleas granted the couple a divorce.   As part of the divorce, the parties entered into a "Memorandum of Settlement

Agreement, Mutual Release of Claims and Covenants not to Sue" that provided:

> James Gregory Windland * * * release[s], acquit[s] and forever discharge[s]
> Geraldine Windland * * * from any and all actions, causes of actions, claims,
> demands, judgments, damages, costs and expenses * * * with respect to any
> and all claims that were raised, that could have been raised or that pertain with
> or relate in any way to the matters raised or that could have been raised, in
> the Case.

Appellee agreed to never "institute, encourage, suggest or in any way instigate the institution

or maintenance of any suit or action in law or in equity, directly or indirectly" against her.

A contemporaneous "Letter of Memorandum" also promised that appellee would not "annoy,

harass, bother, threaten or otherwise interfere" with appellant.

{¶ 3} In 2006, appellee and his company, Tri-State Concrete Pumping, Inc.

("Tri-State"), filed suit against the state of West Virginia. Ancillary to that lawsuit, they filed

a petition in the trial court and requested an order to issue a subpoena to appellant to give

testimony at a deposition. The trial court granted the petition, but later stayed that order after

appellant filed motions for a protective order and to quash the subpoena. At the hearing the

following month, counsel explained that appellant's testimony is necessary to preserve the

action.   It appears that during the divorce, appellee made several telephone calls to a person incarcerated in a West Virginia jail on a parole violation.[1]   Those calls were recorded and somehow released in violation of West Virginia law.   Appellee is pursuing a claim for damages against the state as a result of that release.   Appellant is not a part of that lawsuit, although there is some indication that she may have been involved in the matter and contacted the jail.

{¶ 4}   On December 31, 2009, the trial court denied appellant's motion to quash and refused to issue a protective order.   Reasoning that the language in the divorce documents did not speak to this kind of situation and noting the court's concern that parties should not be able to contract away their legal duty to give testimony in court, the trial court ordered appellant to honor the subpoena, but also directed appellee not to be present during the deposition.   This appeal followed.[2]

---

[1] That person is apparently now appellee's wife.

[2] We acknowledge that these types of discovery orders are generally interlocutory and, thus, neither final nor appealable.   See *Peppeard v. Summit Cty.,* Summit App. No. 25057,

I

{¶ 5} Appellant asserts in her first assignment of error that the trial court erred by not finding that the documents she and appellee executed at the time of their divorce shielded her from giving deposition testimony in his civil case against the state of West Virginia.

{¶ 6} Our analysis begins with a recitation of the applicable standard of review. Appellate courts review trial court decisions on motions to quash subpoenas for abuse of discretion. *State v. Strickland*, 183 Ohio App.3d 602, 918 N.E.2d 170, 2009-Ohio-3906, at ¶ 37; *State v. Adams*, Scioto App. Nos. 04CA2959 and 05CA2986, 2009-Ohio-6491, at ¶ 27; *Chiasson v. Doppco Dev., L.L.C.,* Cuyahoga App. No. 93112, 2009-Ohio-5013, at ¶ 10. The same standard also applies to the review of a trial court decision on a motion for a protective order. See *State v. Lorraine*, Trumbull App. No. 2006-T-0100,

---

2010-Ohio-2862, at ¶ 8-13; *River Oaks v. Krann*, Lake App. No. 2008-L-166, 2009-Ohio-5208, at ¶ 33. The case sub judice is different, however. This case was initiated solely to obtain a subpoena, and its issuance was affirmed when the trial court denied the motion to quash and the motion for a protective order. The judgment appealed herein thus determined the action, and there are no further proceedings to be had.

2007-Ohio-6724, at ¶ 13; *Wells v. Dayton Walther Corp.,* (Aug. 6, 1996), Scioto App. No.

94CA2315.   Accordingly, we will not reverse the trial court's decision in the case sub judice

absent an abuse of discretion.

{¶ 7}   Generally, an abuse of discretion is more than an error of law or judgment;

rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.

 See, e.g., *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d

1140; *Malone v. Courtyard by Marriott L.P.* (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d

1242.   In applying this standard, appellate courts may not simply substitute their own judgment

for that of the trial court.   *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio

St.3d 728, 732, 654 N.E.2d 1254; *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137-138,

566 N.E.2d 1181.   Rather, to establish an abuse of discretion, it must be demonstrated that

the result is so palpably and grossly violative of fact or logic that it evidences not the exercise

of will but the perversity of will, not the exercise of judgment but defiance of judgment, and

not the exercise of reason but, instead, passion or bias. See *Nakoff v. Fairview Gen. Hosp.*

(1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1; *Bragg v. Hatfield*, Vinton App. No. 02CA567,

2003-Ohio-1441, at ¶ 24.

{¶ 8}   In this case, we first agree with the trial court that nothing in the documents executed at the time of divorce explicitly covers this situation.   We find nothing in any of the documents that expressly states that appellant may never be subpoenaed for a deposition. Appellant argues that such exemption is "include[d] by reference," but does not specifically reference language in the documents that speaks to the term "deposition."   The "Memorandum of Settlement Agreement, Mutual Release of Claims and Covenants Not to Sue" releases appellant from any and all "actions, causes of action, claims, demands, judgments."   We agree with the trial court that appellee's request to depose appellant does not violate this prohibition. It would be a very different situation if appellant were named as a party to the West Virginia lawsuit, because the documents clearly released any legal claims against her, but appellee is not pressing any legal claim against her.   Rather, appellee wants to depose appellant for information in an action against another party.

{¶ 9}   Likewise, the "Letter of Memorandum," states that appellee will not "annoy, harass, bother, threaten or otherwise interfere" with appellant.   Again, we fail to see how

appellee would violate this provision by taking appellant's deposition.  It is also important to

note that the trial court also ordered appellee to not attend the deposition.  We are confident

that appellee's counsel, himself an officer of the court, will keep the proceeding above-board.

 If not, appellant can seek further redress and remedy at that time from the trial court.

{¶ 10} In addition, even assuming arguendo that the trial court too narrowly construed

these documents, we point out that an abuse of discretion is more than a mistake of fact or

law.  Even if the documents could conceivably be construed so as to protect appellant from

having to give deposition testimony, we are not persuaded that the trial court's application

of the terms of those documents rises to the level of being arbitrary, unreasonable, or

unconscionable and, thus, amounts to reversible error.[3]

{¶ 11} For all of these reasons, we hereby overrule appellant's first assignment of error.

---

[3]We wish to emphasize that our opinion should not be construed as criticism for the drafter's choice of language in the pertinent documents.  One could hardly conceive that situations could arise that extend beyond the reach of the terms included in these documents.  Furthermore, as we note in footnote 4 infra, ample authority exists in Ohio law to support the trial court's view concerning the public-policy issue.

II

{¶ 12} In her second assignment of error, appellant takes issue with the trial court's

pronouncement that public policy will be violated by allowing private agreements to preclude

litigants from providing testimony for use in a court of law.   However, in view of our ruling in

appellant's first assignment of error that the court correctly found that the divorce documents

do not cover this situation, this assignment of error is rendered moot and may be disregarded.

See App.R. 12(A)(1)(c).[4]

{¶ 13} Having reviewed all errors assigned and argued, and finding merit in none, we

hereby affirm the trial court's judgment.

Judgment affirmed.

---

[4] Although we need not, and do not, address this assignment of error on its merits, we note that ample legal authority exists to support the trial court's reasoning regarding the public-policy issue. See *Sullivan v. Wilkoff* (1939), 63 Ohio App. 269, 273, 26 N.E.2d 460; see also *In re Lutz* (ID.1980), 607 P.2d 1078, 1081-1082.   Here, as we have noted in the past, appellate courts generally exercise caution in determining public policy for the state. See *State v. Haines*, Highland App. No. 01CA16, 2002-Ohio-4255, at ¶ 13. Consequently, because the trial court's judgment can be upheld solely on the text of the divorce documents, we decline to go into the public-policy issue at this juncture.

MCFARLAND, P.J., and KLINE, J. concur.